PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District **Delaware** |
|---|---|
| Name (under which you were convicted): **Joseph M. Walls** | Docket or Case No.: **05-585** |
| Place of Confinement: **Delaware Correctional Center, 1181 Padlock Road, Smyrna, DE 19977** | Prisoner No.: **107897** |
| Petitioner (include the name under which you were convicted) **Joseph M. Walls** | Respondent (authorized person having custody of petitioner) v. **Thomas Carroll** |
| The Attorney General of the State of **Delaware: Mary Jane Brady** ||

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **Superior Court, New Castle County, Delaware**

   (b) Criminal docket or case number (if you know): **IN86-03-1204 to -1213**

2. (a) Date of the judgment of conviction (if you know): **Oct. 6, 1986**

   (b) Date of sentencing: **March 8, 1988**

3. Length of sentence: **62 years**

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒  No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: **Two Counts Robbery 1st degree (10 yrs each), PDW (15 yrs), Burglary 1st degree (5 yrs), two counts Assault 2d degree (4 yrs each), Conspiracy 2d (3 yrs), Terroristic Threatening (1 yr), two counts Kidnapping 2nd degree (5 yrs each).**

6. (a) What was your plea? (Check one)

   (1) Not guilty ☒    (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐         (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

FILED
AUG 10 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☒  No ☐

8. Did you appeal from the judgment of conviction?

Yes ☒  No ☐

9. If you did appeal, answer the following:

(a) Name of court: *Supreme Court of Delaware*

(b) Docket or case number (if you know): *NO. 105, 1988*

(c) Result: *Kidnappings vacated, remaining charges affirmed*

(d) Date of result (if you know): *June 1, 1989*

(e) Citation to the case (if you know): *Walls v. State, 560 A.2d 1038 (Del. 1989)*

(f) Grounds raised: *① In court ID error, ② Prejudicial nickname evidence, ③ Antagonistic defense, ④ Inconsistent verdict, ⑤ Insufficient kidnapping evidence, ⑥ Kidnapping instruction error, ⑦ Insufficient Burglary evidence, ⑧ Prejudicial DA argument.*

(g) Did you seek further review by a higher state court?  Yes ☐  No ☐

If yes, answer the following:  *N/A*

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☒  No ☐

If yes, answer the following:

(1) Docket or case number (if you know): *NO. 89-5628*

Page 4

(2) Result: Certiorari denied

(3) Date of result (if you know): Nov. 13, 1989
(4) Citation to the case (if you know): Walls v. Delaware

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?
    Yes ☒  No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: Delaware Superior Court
        (2) Docket or case number (if you know): State v. Walls IN86-03-1204, et seq.
        (3) Date of filing (if you know): May 26, 1992
        (4) Nature of the proceeding: Postconviction motion
        (5) Grounds raised: ① Conviction of greater and lesser crimes, ② Robbery Conspiracy statutory limits, ③ Multiple convictions DJ, ④ Bat not deadly weapon, ⑤ Conclusive presumption deadly weapon instruction, ⑥ Deadly weapon instruction too broad, ⑦ Burglary element missing, ⑧ Constructive amendment in indictment, ⑨ Jury tampering, ⑩ No jurisdiction, ⑪ Antagonistic defense, ⑫ Ineffective counsel.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☐   No ☒
    (7) Result: Dismissed
    (8) Date of result (if you know): Dec. 20, 1993 and Jan. 30, 1995

    (b) If you filed any second petition, application, or motion, give the same information:
        (1) Name of court: Delaware Superior Court
        (2) Docket or case number (if you know): State v. Walls, C.A. No. 98M-03-008
        (3) Date of filing (if you know): March 19, 1998
        (4) Nature of the proceeding: State Habeas Corpus
        (5) Grounds raised: ① Constructive amendment, ② Conclusive presumption, ③ Constructive amendment, ④ Statutory limits, ⑤ No jurisdiction, ⑥ Concealed exculpatory evidence, ⑦ Prejudicial nickname evidence, ⑧ Ineffective counsel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☐   No ☒
(7) Result: _Dismissed_
(8) Date of result (if you know): _April 2, 1998 (A-267)_

(c) If you filed any third petition, application, or motion, give the same information:
   (1) Name of court: _Delaware Superior Court_
   (2) Docket or case number (if you know): _State v. Walls, IN86-03-1204, et al._
   (3) Date of filing (if you know): _Oct. 21, 2003_
   (4) Nature of the proceeding: _Postconviction motion_
   (5) Grounds raised: _① Recent change in law, actual innocence, deadly weapon definition, Ex post facto / Due Process. ② Insufficient evidence, actual innocence, limited liability, Due process._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☐   No ☒
(7) Result: _denied_
(8) Date of result (if you know): _June 24, 2004. Copy at A-30._

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?
   (1) First petition:    Yes ☒  No ☐
   (2) Second petition:   Yes ☒  No ☐
   (3) Third petition:    Yes ☒  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _N/A - no higher court in state._

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _Actual innocence, Ex Post Facto and Due Process Violations. (See Memorandum of Law, pp. 3-13)_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_Post-trial amendment to definition of deadly weapon statute 68 Del. Laws c. 378, expanding definition of what is a deadly weapon to specifically include a "baseball bat" can not be applied retroactively in violation of Ex Post Facto or Due Process; and both DA and legislative statements in Synopsis to 68 Del. Laws c. 378 proves actual innocence of deadly weapon element violating Due Process._

(b) If you did not exhaust your state remedies on Ground One, explain why: _N/A_

(c) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☒   No ☐
   (2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) Post-Conviction Proceedings:
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☒   No ☐
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: _Post conviction motion_
   Name and location of the court where the motion or petition was filed: _Superior Court, New Castle County, Delaware 19801_

Page 7

Docket or case number (if you know): _State v. Walls ID No. 8601300101_
Date of the court's decision: _June 24, 2004_
Result (attach a copy of the court's opinion or order, if available): _Dismissed, citing post-trial court decisions as controlling and procedural bars. (Copy at A-30)._

(3) Did you receive a hearing on your motion or petition?
　　Yes ☐　No ☒

(4) Did you appeal from the denial of your motion or petition?
　　Yes ☒　No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
　　Yes ☒　No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _Supreme Court, Dover, Delaware 19901_
Docket or case number (if you know): _No. 290, 2004_
Date of the court's decision: _Oct. 15, 2004, Oct. 25, 2004._
Result (attach a copy of the court's opinion or order, if available): _Summary affirmed. Copy at A-28, A-29_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _N/A_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _U.S. Supr. Ct., Petition for Certiorari, denied, April 18, 2005, Walls v. Delaware, No. 04-8552. Copy at A-316_

GROUND TWO: _Actual innocence, violation of Due Process._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Statutory liability limits under 11 Del.C. 274 and post-trial court decisions thereon, prove actual innocence of Robbery 1st weapon (gun) element, violating Due Process. (see Memorandum, pp. 14-19)_

(b) If you did not exhaust your state remedies on Ground Two, explain why: __N/A__

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: __N/A__

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: __Postconviction motion__

Name and location of the court where the motion or petition was filed: __Superior Court, New Castle County, Delaware 19801__

Docket or case number (if you know): __State v. Walls, ID No. 8601300101__

Date of the court's decision: __June 24, 2004__

Result (attach a copy of the court's opinion or order, if available): __Dismissed citing unrelated post-trial court decision and procedural bars. Copy at A-30.__

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Supreme Court, Dover, DE 19901__

Docket or case number (if you know): NO. 290, 2004
Date of the court's decision: Oct. 15, 2004,    Oct. 25, 2004
Result (attach a copy of the court's opinion or order, if available): Summary affirmed. Copy at A-28, A-29

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

GROUND THREE: N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) Direct Appeal of Ground Three:
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❏  No ❏
    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ❏ No ❏

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☒  No ❏
   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: __N/A__

   _____

   _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: __All grounds raised in State Court.__

   _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☒  No ❏

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

① Walls v. Redman, No. 90-423-RRM, DE Dist. Ct., Question 9(f) grounds raised, Rose v. Lundy mixed habeas petition, no appeal returned to state Ct. for exhaustion. (A-248) March 25, 1993. ② Walls v. Taylor, No. 90-423-RRM, DE Dist. Ct., Question 11(B) grounds raised, habeas dismissed as time barred after returning from state exhaustion, June 21, 2001 (A-278), appeal denied (A-308).

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. __N/A__

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: __Unknown. DE Public Defender, 820 N. French St., Wilm. DE 19801__
    (b) At arraignment and plea: __Paul S. Swierzbinski, Public Defenders, 820 N. French St., Wilm. DE 19801__
    (c) At trial: __Laurence I. Levinson, address unknown__
    (d) At sentencing: __Jerome M. Capone, 4 East 8th Street, Wilm, DE 19801__
    (e) On appeal: __Jerome M. Capone, 4 East 8th Street, Wilm. DE 19801__
    (f) In any post-conviction proceeding: __PRO SE__
    (g) On appeal from any ruling against you in a post-conviction proceeding: __PRO SE__

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☒   No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _Superior Court, New Castle County, Wilm., DE 19801_

(b) Give the date the other sentence was imposed: _March 18, 1988_

(c) Give the length of the other sentence: _82 years_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☒   No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* (I) The Petition is timely filed within one year (excluding state exhaustion time) of the Court's recent "deadly weapon" definition decision in Buckley v. Florida, 123 S.Ct. 2020 (2003). Cf. Dodd v. U.S., 125 S.Ct. 2478, 2483 (2005) ("one year from" decision "to file" motion) and Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004) (substantive changes to be applied retroactively).

(II) Actual innocence waives time and procedural bars: (A) The Synopsis to 68 Del. Laws c. 378 proves at time of crimes "common objects such as ... baseball bats" were not within deadly weapon definition, and (B) liability limits 11 Del. C. 274 proves actual innocence of aggravating element (gun) that raised Robbery 2nd degree to Robbery 1st degree. U.S. v. Garth, 188 F.3d 99, 106, 110 n.13 (3rd Cir. 1999); Buckley, 123 S.Ct. at 2022 n.☀ (even claim "raised" in prior appeals, actual innocence waives bars); Schriro, 124 S.Ct. at 2522-24 (post-trial action modifying "element of an offense is normally substantive ... [altering] the range of conduct the statute punishes"); Bousley v. U.S., 523 U.S. 614, 620-21 (1998) (no bars to actual innocence). (see Memorandum of Law, pp. 20-26).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

   (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Page 15

Therefore, petitioner asks that the Court grant the following relief: *That the weapon and assault convictions/sentences be vacated; and, that the Robbery 1st be reduced to Robbery 2nd degree with resentencing.*
or any other relief to which petitioner may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *August 5, 2005* (month, date, year).

Executed (signed) on *August 5, 2005* (date).

_____[signature]_____
Signature of Petitioner

---

*(...continued)
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

