IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RECEIVED
AUG 10 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

STATE OF DELAWARE                      :

    v.                                 : INDICTMENT BY THE GRAND JURY

JOSEPH M. WALLS                        :    05-585
EFRAIN HERNANDEZ                       :

### COUNT I.  A FELONY
N86-03-1204
N86-03-1218

BURGLARY FIRST DEGREE in violation of Title 11, Section 826 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did, at night, knowingly and unlawfully enter a dwelling located at 104 South Marshall Street, Newport, Delaware, with the intent to commit the crime of robbery therein, and when in said dwelling JOSEPH M. WALLS did cause physical injury to Jeffrey Pancoast, a victim, by striking him with a bat.

### COUNT II. A FELONY
N86-03-1205
N86-03-1219

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the

A-1

14th day of December, 1985, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Jeffrey Pancoast with intent to compel the said Jeffrey Pancoast to deliver up property consisting of United States currency and when in the course of the commission of the crime, EFRAIN HERNANDEZ displayed what appeared to be a deadly weapon, to wit: a handgun.

N86-03-1206
N86-03-1220

## COUNT III. A FELONY

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, when in the course of committing theft, did threaten the immediate use of force upon Dmytro Shevchenko with intent to compel the said Dmytro Shevchenko to deliver up property consisting of United States currency and when in the course of the commission of the crime, EFRAIN HERNANDEZ displayed what appeared to be a deadly weapon, to wit: a handgun.

A-2

N86-03-1207
### COUNT IV. A FELONY    N86-03-1221

KIDNAPPING SECOND DEGREE in violation of Title 11, Section 783(3) of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did unlawfully restrain Anna Pancoast to facilitate the commission of the felony offense of Robbery First Degree.

N86-03-1209
### COUNT V. A FELONY    N86-03-1222

KIDNAPPING SECOND DEGREE in violation of Title 11, Section 783(3) of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did unlawfully restrain Justin Pancoast to facilitate the commission of the felony offense of Robbery First Degree.

N86-03-1208
### COUNT VI.  A FELONY    N86-03-1223

ASSAULT SECOND DEGREE in violation of Title 11, Section 612 of the Delaware Code of 1974, as amended.

A-3

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did intentionally cause physical injury to Dmytro Shevchenko by striking him with a bat, a deadly weapon.

### COUNT VII. A FELONY

N86-03-1210
N86-03-1224

ASSAULT SECOND DEGREE in violation of Title 11, Section 612 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did intentionally cause physical injury to Jeffrey Pancoast by striking him with a bat, a deadly weapon.

### COUNT VIII. A FELONY

N86-03-1211
N86-03-1225

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon

during the commission of a felony by possessing a bat, a deadly weapon, during the commission of Assault Second Degree, as set forth in Counts VI and VII of this Indictment, which is incorporated herein by reference.

<u>COUNT IX. A MISDEMEANOR</u>    N86-03-1212

TERRORISTIC THREATENING in violation of Title 11, Section 621 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did threaten Anna Pancoast with serious injury by telling her that he would shoot her through the window.

<u>COUNT X.    A FELONY</u>    N86-03-1213
N86-03-1226

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, when intending to promote the commission of a felony, did agree with each other to engage in conduct constituting the felony of Robbery First Degree, and did

A-5

commit an overt act in furtherance of the conspiracy by committing Robbery First Degree as set forth in Counts II and III of this Indictment, which is incorporated herein by reference.

A TRUE BILL

_____
(FOREMAN)

*Charles M. Oberly, III*
ATTORNEY GENERAL

*Steven J. Belick*
DEPUTY ATTORNEY GENERAL

A-6

§ 222     DELAWARE CRIMINAL CODE

§222. General definitions.

When used in this Criminal Code:

(1) "Building", in addition to its ordinary meaning, includes any structure, vehicle or watercraft. Where a building consists of two or more units separately secured or occupied, each unit shall be deemed a separate building.

(2) "Controlled substance" or "counterfeit substance" shall have the same meaning as used in Chapter 47, Title 16, Delaware Code.

(3) "Conviction" means a verdict of guilty by the trier of fact, whether judge or jury, or a plea of guilty or a plea of nolo contendere accepted by the Court.

(4) "Dangerous instrument" means any instrument, article, or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury.

(5) "Deadly weapon" includes any weapon from which a shot may be discharged, a knife of any sort (other than an ordinary pocket knife carried in a closed position), switchblade knife, billy, blackjack, bludgeon, metal knuckles, slingshot, razor, bicycle chain or ice pick.

(6) "Defraud" means to acquire a gain or advantage by fraud.

(7) "Drug" means any substance or preparation capable of producing any alteration of the physical, mental, or emotional condition of a person.

(8) "Female" means a person of the female sex.

(9) "Fraud" means an intentional perversion, misrepresentation, or concealment of truth.

(10) "Law" includes statutes and ordinances. Unless the context otherwise clearly requires, "law" also includes settled principles of the common law of Delaware governing areas other than substantive criminal law.

24

A-7

GENERAL PROVISIONS CONCERNING OFFENSES     § 222

(11) "Law enforcement officer" includes police officers, the Attorney General and his deputies, sheriffs and their regular deputies, prison guards, and constables.

(12) "Lawful" means in accordance with law or, where the context so requires, not prohibited by law.

(13) "Male" means a person of the male sex.

(14) "Mental defect" means any condition of the brain or nervous system recognized as defective, as compared with an average or normal condition, by a substantial part of the medical profession.

(15) "Mental illness" means any condition of the brain or nervous system recognized as a mental disease by a substantial part of the medical profession.

(16) "Narcotic drug" shall have the same definition as contained in the Definitions Section of Chapter 47, Title 16 of the Delaware Code.

(17) "Person" means a human being who has been born and is alive, and, where appropriate, a public or private corporation, an unincorporated association, a partnership, a government, or a governmental instrumentality.

(18) "Physical force" means any application of force upon or toward the body of another person.

(19) "Physical injury" means impairment of physical condition or substantial pain.

(20) "Serious physical injury" means physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ.

(21) "Therapeutic abortion" means an abortion performed pursuant to the provisions of Title 24, Delaware Code, Chapter 17, Subchapter VIII.

(22) "Unlawful" means contrary to law, or where the con-

25

*Definition*
*Dangerous Instrument*                    *Pon*

§ 222                  DELAWARE CRIMINAL CODE

text so requires, not permitted by law. It does not mean wrongful or immoral.

(23) "Vehicle" includes any means in or by which something is carried or conveyed; a means of conveyance or transport, whether or not propelled by its own power.

## COMMENTARY ON § 222

This section contains definitions which are generally used throughout this Criminal Code. Words having a meaning limited to a particular part of the Code are defined in that part. However, for easier reference, Appendix F contains a list of all definitions given in the Code with the section numbers where those words are defined. Words so defined are occasionally used in other parts of the Code, and if they are not otherwise defined there, the meaning so given may be a helpful indication of the appropriate definition.

Each section of the Code is followed, where necessary, by a list of cross-references, pointing to definitions which do not appear in this general definition section. Words appearing here are not otherwise cross-referenced.

The definitions are largely self-explanatory or are explained where they are relevant throughout the Code. Two, however, require a comment. The definition of "deadly weapon" is more narrow than that given in present Delaware law.[1] The present Delaware meaning of that term is more like the meaning given to "dangerous instrument". The reason for this change is to provide the means of breaking down several of the crimes which previously had only one degree. Possession of a **truly deadly weapon** may be treated in such a scheme as a more serious offense than possession of a dangerous instrument. The definition of "law," "lawful," and "unlawful" are innovations. The last two words are often used in criminal legislation, and sometimes receive unpleasantly broad definitions. The words are seldom used, in any event, because of

---

1. See **Wisniewski v. State,** 1 Storey (51 Del.) 84, 138 A.2d 333 (Sup. Ct. 1957).

26

A-8

the specific principles on justification as a defense which are given in §§ 461-70.

The definition of "drug" is broader than that appearing in Title 16, which defines drug offenses, because the word is used in this Criminal Code to define certain conditions which may exculpate a defendant for criminal guilt or may otherwise affect his liability.

### §223. Words of gender or number.

Unless the context otherwise requires, words denoting the singular number may, and where necessary shall, be construed as denoting the plural number, and words denoting the plural number may, and where necessary shall, be construed as denoting the singular number, and words denoting the masculine gender may, and where necessary shall, be construed as denoting the feminine gender or the neuter gender.

### §224. Valuation of property.

Whenever the value of property is determinative of the degree of an accused's criminal guilt or otherwise relevant in a criminal prosecution, it shall be ascertained as follows:

(1) Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if that cannot be satisfactorily ascertained, the cost of replacing the property within a reasonable time after the crime.

(2) Whether or not they have been issued or delivered, certain written instruments, not including those having a readily ascertainable market value, shall be ascertained as follows:

(a) The value of an instrument constituting an evidence of debt, such as a check, draft, or promissory note, shall be deemed the amount due or collectible thereon or thereby, that figure ordinarily being the face amount of the indebtedness less any portion thereof which has been satisfied.

27

A-9

## § 274          DELAWARE CRIMINAL CODE

who readily assists a male who is guilty of sexual misconduct should not be held guilty as an accomplice. There is no legislative purpose to punish her. Rather, the purpose is to protect her from the effects of her immature consent. Subsection (2) excludes from liability a person whose conduct is inevitably incident to commission of the offense. Thus a female who submits to an unlawful abortion would not be guilty of the abortionist's crime. Subsection (3) excludes from liability one who terminates his complicity prior to commission of the offense and totally deprives his complicity of its effectiveness, notifies the Attorney General or the police, or otherwise stops the commission of the offense. This is similar to the provision on renunciation in § 541. It seems proper to excuse a man who has had a change of heart in time, and who has taken action to eradicate his criminality. He may, for example, deprive his complicity of its effectiveness by taking back a weapon which he has supplied to an intending killer, or, if he has counseled commission of the offense, he may urge reconsideration and abandonment of it. He should be guiltless if his second thoughts came in time to permit the other parties to cease their activity if they wish to do so.

**§274. Punishment; convictions for different degrees of offense.**

When, pursuant to Section 271 of this Criminal Code, two or more persons are criminally liable for an offense which is divided into degrees, each person is guilty of an offense of such degree as is compatible with his own culpable mental state and with his own accountability for an aggravating fact or circumstance.

CROSS-REFERENCE

definitions relating to state of mind § 231

COMMENTARY ON § 274

This section is consistent with § 272 in permitting imposition of a deserved penalty no matter what penalty the other parties received. It allows one party to be convicted of

---

## GENERAL PROVISIONS CONCERNING OFFENSES          § 281

first-degree murder, for example, when the other's mental culpability makes him guilty only of second-degree murder. The former Delaware law would appear to work one way only, permitting a lesser punishment for accomplice than for principal. But there is no logic supporting this position. The proper test is the actor's personal mental culpability.

**§275. Parties to offenses; indictment.**

(1) A person indicted for committing an offense may be convicted as an accomplice to another person guilty of committing the offense.

(2) A person indicted as an accomplice to an offense committed by another person may be convicted as a principal.

COMMENTARY ON § 275

Out of an abundance of caution this section declares that indictment as a principal is no bar to conviction as an accomplice, nor is indictment as an accomplice a bar to conviction as a principal. This is consonant with the former Delaware law as expressed in Johnson v. State. 'The indictment should be tested to see whether it sufficiently informs the accused of the acts which he is alleged to have committed and their criminal significance. Other technicalities have no importance in the indictment. It is illogical to allow someone a defense when he says, "No, I did not help X to murder my wife; I did it and X helped me; therefore I am not guilty." If the accused can not raise that as a defense he should not be allowed to argue that the indictment is inadequate.

**§281. Criminal liability of corporations.**

A corporation is guilty of an offense when:

(1) The conduct constituting the offense consists of an omission to discharge a specific duty of affirmative performance imposed on corporations by law; or

1. 216 A.2d 247 (Del. Sup. Ct. 1966).

A-10.

law looked.[28] If entry at night is an element of the offense, the State will have to prove that it took place later than 30 minutes after sunset and earlier than 30 minutes before sunrise. The times of sunrise and sunset are readily available from official sources.

Subsection (4) is an important innovation. It discards the archaic concept of "breaking". If, for example, he remains in a store after it has closed, his act is sufficient, even though he leaves without breaking out. It will be impossible under subsection (4) to commit burglary in a store which is at the time open to the public, or to commit criminal trespass in a field which appears at the time to be open for the purpose of hunting, fishing, hiking, or camping. In the circumstances just described, no crime is committed until after the owner of the premises or another authorized person communicates to the defendant a lawful order not to enter or remain. Even a building open to the public may have areas which are not so open, in which case a burglary may be committed therein.

## Subpart C

### Robbery

**§831. Robbery in the second degree.**

A person is guilty of robbery in the second degree when, in the course of committing theft, he uses or threatens the immediate use of force upon another person with intent to:

(1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or

(2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

Robbery in the second degree is a class D felony.

### CROSS-REFERENCES

intentionally § 231(t)
proof of intent § 307
theft § 841

28. See KENNY, OUTLINES OF CRIMINAL LAW 248 (Turner ed. 19??).

---

## COMMENTARY ON § 831

*Former Delaware Law*

At common law, robbery was the "taking of money or goods of any value from the person of another, or in his presence, against his will, by violence, or putting him in fear."[1] The gravamen of the offense is the force or fear rather than the taking itself, which would only be theft; but a taking is required. This may be actual or "constructive," as when by violence the actor causes another to get him the goods.[2] Intention to take possession by force or fear is necessary.[3]

The former Delaware statute codified the common law. It required a taking by violence or putting in fear of something, no matter what the value, from the person of another.[4] It was a necessary part of the State's case to prove that the taking was brought about by violence or fear, though the degree thereof was immaterial. It was not necessary that the things taken be in the actual possession of the person put in fear, so long as they were under his control. Thus in one case robbery was committed when the victim was tied in the bathroom and things were taken from a bedroom of his house.[5]

In addition to robbery, there was also the offense of assault with intent to commit robbery.[6] This required proof of intention to rob, as well as proof of the elements of assault.[7]

*New Code Provision*

Robbery is viewed in § 831 as a use of force to facilitate theft and not, as it was formerly viewed, as a forcible taking from the person. Robbery is thus forcible theft, and is committed whenever physical force is used, or its use is immediately threatened, to overcome resistance to theft or to compel another person to deliver up property or otherwise facilitate

1. 1 RUSSELL, CRIME § 861 (Turner ed. 1964).
2. Id.
3. 11 DEL. CODE § 811 (Repealed).
4. State v. Lapinla, 7 Boyce (30 Del.) 260, 105 Atl. 670 (1918).
5. State v. Campbell, 2 Terry (41 Del.) 342, 22 A.2d 390 (1941).
6. 11 DEL. CODE § 812 (Repealed).
7. State v. Lyons, 7 W.W. Harr. (37 Del.) 423, 181 Atl. 468 (1936).

A-11

DELAWARE CRIMINAL CODE

theft. While the section does not require a taking from the person or from the presence of a person, a causal connection between the use or threat of force and the theft is necessary. Note that the old requirement that the victim be put in fear is abandoned. This is reported to have raised difficulties in prosecuting some cases. Indeed, it is hard to see why a robbery's guilt should depend on the personal bravery of his victim. The force used or threatened must be immediate; a threat of later harm is insufficient. The actor's intent to prevent or overcome resistance to theft or to compel a person to deliver up the property or otherwise facilitate theft must be proved as part of the State's case.

It seems desirable to treat the robber more seriously than the stealthy thief because the former is not deterred by the presence of his victim or by sanctions against injuring or threatening his victim. He is thus more dangerous and more upsetting than the sneak thief or the embezzler. Once a threat has been made as required by the section, no danger seems to be added by a taking from the person, though if injury is thereby caused, the assault provisions of this Criminal Code and § 832 are available.

The crime of assault with intent to rob is superfluous in light of the penalties this Code has imposed upon assault and this Code's redefinition of attempt.[8]

§832. Robbery in the first degree.

A person is guilty of robbery in the first degree when he commits the crime of robbery in the second degree and when in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime:

(1) Causes physical injury to any person who is not a participant in the crime; or

(2) Is armed with a deadly weapon; or

(3) Is armed with and uses or threatens the use of a dangerous instrument.

_____
8. For a further discussion of this point, see Commentary on § 831.

---

Robbery in the first degree is a class B felony.

Notwithstanding the provisions of § 4205(b) and § 4214 of this Title, a person convicted a second or subsequent time for robbery in the first degree shall be sentenced to a term of imprisonment for not less than ten nor more than thirty years and the Court shall not suspend the sentence of such person, nor give such person a probationary sentence, nor shall the term of imprisonment imposed under this section run concurrently with any other term of imprisonment imposed for the commission of such offense.

CROSS-REFERENCES

[Extorti]on § 201
[Robbe]ry in the second degree § 831

COMMENTARY ON § 832

For a discussion of the present Delaware law of robbery, see Commentary on § 831.

Section 832 defines an aggravated robbery involving serious injury or weapons. The State must prove that the defendant has committed the crime of robbery in the second degree, as defined in § 831. It must further prove that in the course of committing that crime, or in immediate flight therefrom, he or another participant in the crime caused physical injury to another person not a participant in the crime. Such armed clearly indicates that the robbery is without a ... for human life and safety and is thus worthy of greater punishment. Other aggravating factors which may be involved in the alternative are being armed with a deadly weapon, or being armed with and using or threatening to use a dangerous instrument. The reason for distinguishing between these types of weapons is simply that the latter type is also capable of lawful use, and thus its unlawful use must be proved before it can be considered an aggravating factor.

Robbery in the first degree is a very serious crime, carrying the class B felony punishment, because it seems desirable to ... the use of dangerous and deadly weapons and the infliction of serious physical injury, even if simple robbery must

A-12

occasionally happen. In addition, a more serious sentence, with a ten-year minimum, is required to be imposed on a second or subsequent conviction of first-degree robbery.

## Subpart D

## Theft and Related Offenses

### INTRODUCTION

Common-law larceny is an area of the criminal law full of the most incredible refinements, resulting from the fact that larceny of anything more than a shilling (perhaps the equivalent of a few dollars in today's money) was a capital offense. Popular revulsion from such a barbarous penalty for such a minor infraction led judges and juries to acquit whenever the strict letter of the common-law definition of larceny varied slightly from the facts of the case. Thus, for example, larceny was a taking /from the possession of another person, and if one took money intended for another person before it reached him, no crime was committed in the eyes of the common law. Every successful defense on the grounds that the act was not larceny led, in a greater or lesser time, to legislative action. This piecemeal enactment of provisions against improper appropriation of someone else's property led to the former Delaware law. The mind boggles at the notion that the modern State of Delaware should have been content so long with a seventeenth and eighteenth century law to guide the control and punishment of everyday criminal events which pose an ever growing threat to social well-being in the form of increasing insurance rates, increasing law enforcement expense, and an increasing sense of insecurity. For the point about larceny is that it is part of the branch of crime that, by and large, really does pay. It is a business, practiced with skill and ingenuity. It is made more profitable by the law's uncertainty, and by the many chances that conviction may be avoided by a technicality or a jury's confusion.

Most proposals for penal law reform in the area have been radical. It has been thought useless to try to amend the crazy

---

quilt of existing legislation. One of the best solutions is that of Wisconsin, which tries to do in one section what the common law failed to do in three hundred years.[1] The ensuing section, in their original form, were drafted with the concept of a unified theft offense in mind. The idea is that all takings of property, whatever they might have been called at common law, are to be treated as part of a single offense, called theft. All of the modern criminal statutes are patterned on the same concept, originally proposed in the Model Penal Code.

In the course of legislative enactment of this Code, several modifications were made in the aforementioned structure, the most evident of which is the enactment of a separate section covering shoplifting. However, it should be noted that the general theft statute also covers shoplifting, and it is likely that as prosecutors become familiar with the simplicity of procedure under the theft section, and as it is realized that shoplifting is no different from any other type of theft, prosecutions for shoplifting may be commenced under it.

### § 840. Shoplifting.

(a) A person is guilty of shoplifting if, while in a mercantile establishment in which goods, wares or merchandise are offered for sale, he

(1) Removes any such goods, wares or merchandise from the immediate use of display or from any other place within the establishment, with intent to appropriate the same to the use of the person so taking, or to deprive the owner of the use, the value or possession thereof without paying to the owner the value thereof; or

(2) Obtains possession of any goods, wares or merchandise by charging the same to any person without the authority of such person or to a fictitious person with a false intent; or

[1] Wis. Stat. § 943.20 (1963).

A-13



*Effective July 14, 19*
*68 Del. laws. c. 378*

SPONSOR: Senator Sharp

DELAWARE STATE SENATE

136th GENERAL ASSEMBLY

SENATE BILL NO._____

AN ACT TO AMEND TITLE 11 OF THE DELAWARE CODE RELATING TO THE DEFINITION OF THE TERMS "DEADLY WEAPON" AND "FIREARM."

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

1      Section 1.  Amend §222(5), Title 11, Delaware Code by striking the words

2   "any weapon from which a shot may be discharged," and inserting in lieu

3   thereof the following:

4      "a firearm, as defined in subsection (9) of this section, a bomb,".

5   . Section 2.  Amend §222(5), Title 11, Delaware Code by inserting after the

6   words "ice pick" which appear at the end of the first sentence of said

7   subsection, the following:

8      "or any dangerous instrument, as defined in subsection (4) of this section,

9      which is used, or attempted to be used, to cause death or serious physical

10     injury"

11    . Section 3.  Amend §222(9), Title 11, Delaware Code by inserting after the

12   words "operable or unoperable" as they appear in the first sentence of said

13   subsection, the following:

14     ", loaded or unloaded"

## SYNOPSIS

In the recent past, a number of brutal murders and assaults have been committed with common objects such as bowling balls, baseball bats, ratchet bars from tire jacks, and cast-iron kitchen sinks. In each of these cases, an innocent victim died after the object was used as a weapon to crush his or her skull, or suffered serious physical injury. Because of a loophole in our current law, the defendant could not be convicted with Possession of a Deadly Weapon During the Commission of a Felony - an offense that carries a penalty of up to twenty years in jail. This bill simplifies the definitions of the term "deadly weapon" by including within it any object that is actually used by a criminal to seriously injure or murder a victim. This bill also codifies recent Delaware Supreme Court decisions that hold that a gun need not be loaded to be a deadly weapon, thereby making this rule of law more accessible to the public.

Author: Sen. Sharp

1 of 1

SD:AGCIII:DLD
470

A-14

Pancoast - Direct                           C- 129

of the men who were in your home that night?

A     Yes, I do.

Q     Could you point them out and describe them, please,
so the court reporter's notes will reflect who you have iden-
tified?

A     The gentleman over to my right in the brown suit
is the guy who had the bat.  The gentleman over to my left
is the one who had the gun.

Q     You are referring to this man right here as the one
who had the gun?

A     Yes.

Q     The one at the far end of the table is the one who
had the bat?

A     Right.

Q     Your Honor, for the record the witness has identi-
fied both defendants Joseph Walls as the one with the bat and
Efrain Hernandez as the one with the gun.

        When the first man, Joseph Walls, the man with the
bat, first came in through the doorway, where did he grab you

A     He grabbed my arm.

Q     What part of your arm?

A     Right here.

Q     Your upper arm?

A-15

SUPERIOR COURT CRIMINAL DOCKET                Page    1
( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                    DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.          AKA:
Defense Atty: JEROME M CAPONE , Esq.


Co-Defendants:  EFRAIN HERNANDEZ

Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 86013001DI | IN86031204R1 | BURGLARY 1ST | TG | 10/15/1986 |
| 002 | 86013001DI | IN86031205R1 | ROBBERY 1ST | TG | 10/15/1986 |
| 003 | 86013001DI | IN86031206R1 | ROBBERY 1ST | TG | 10/15/1986 |
| 004 | 86013001DI | IN86031207 | KIDNAP 2ND | TG | 10/15/1986 |
| 005 | 86013001DI | IN86031208R1 | ASSAULT 2ND | TG | 10/15/1986 |
| 006 | 86013001DI | IN86031209 | KIDNAP 2ND | TG | 10/15/1986 |
| 007 | 86013001DI | IN86031210R1 | ASSAULT 2ND | TG | 10/15/1986 |
| 008 | 86013001DI | IN86031211R1 | PDWDCF | TG | 10/15/1986 |
| 009 | 86013001DI | IN86031212R1 | TERROR THREAT | TG | 10/15/1986 |
| 010 | 86013001DI | IN86031213R1 | CONSP 2ND | TG | 10/15/1986 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| | 02/24/1986 | WARRANT AND COMMITMENT | |
| | | 18 00080000 100 INCARCERATED | |
| | 03/05/1986 | BAIL HEARING AND COMMITMENT | |
| | | 74 00016000 100 INCARCERATED | |
| | 03/05/1986 | PRELIMINARY HEARING HELD | |
| | 03/05/1986 | CASE FILED | |
| | 03/19/1986 | CASE FILED | |
| 1 | 03/19/1986 | TRUE BILL | |
| 2 | 03/26/1986 | RULE 9 SUMMONS HEARING AND COMMITMENT | BALICK BERNARD |
| | | 77 00090000 100 INCL.ID#86001399 | |
| | 03/26/1986 | ARRAIGNMENT-PASSED | |
| | 04/02/1986 | ARRAIGNMENT-PASSED | |
| | 04/07/1986 | CRIMINAL TRIAL CALENDAR - RESCHEDULED | |

A-16

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    2
                         ( as of  10/28/2003 )
```

State of Delaware v.  JOSEPH M WALLS                   DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.         AKA:
Defense Atty: JEROME M CAPONE , Esq.

```
        Event
No.     Date           Event                           Judge
-------------------------------------------------------------------------
        04/08/1986
        CRIMINAL TRIAL CALENDAR - RESCHEDULED
        04/17/1986                              BIFFERATO VINCENT A. SR.
        ARRAIGNMENT RESCHEDULED
3       04/23/1986
        ACKNOWLEDGMENT SIGNED BY COUNSEL
        PAUL S. SWIERZBINSKI,ESQ.
        04/23/1986
        ARRAIGNED,WAIVED READING,ENT PLEA N GLTY
4       04/25/1986                              BIFFERATO VINCENT A. SR.
        ORDER TO COURT APPOINT COUNSEL
        PAUL S. SWIERZBINSKI,ESQ.
5       04/28/1986
        DISCOVERY REQUEST
6       06/05/1986                              O'HARA ROBERT C.
        ORDER TO COURT APPOINT COUNSEL
        LAURENCE I. LEVINSON,ESQ.
7       06/09/1986
        SUBSTITUTION OF COUNSEL
        PAUL SWIERZBINSKI, ESQ.W/DRAWS
        AS COUNSEL & LAURENCE LEVINSON
        ESQ.ENTERS APPEARANCE AS COUNSEL.
8       06/27/1986                              GEBELEIN RICHARD S.
        HEARING
        TO CONTD.TRIAL: CONTINUANCE WAS
        GRANTED ORALLY. NEW TRIAL SCHED.
        072186. (HANNIGAN,LEVINSON,ESQ.)
        06/30/1986
        CRIMINAL TRIAL CALENDAR - RESCHEDULED
9       07/14/1986
        MOTION TO SEVER
10      07/14/1986
        MOTION TO SUPPRESS
        07/21/1986
        CRIMINAL TRIAL CALENDAR - RESCHEDULED
        07/21/1986                              MARTIN JOSHUA WILLIAM III
        MOTION TO SEVER
        DISPOSED OF AT O/C
        07/21/1986                              MARTIN JOSHUA WILLIAM III
        MOTION TO SUPPRESS
        PASSED D.O.T.
11      08/07/1986                              DISABATINO  ARTHUR F.
```

A-17

SUPERIOR COURT CRIMINAL DOCKET                Page    2
( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                    DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.          AKA:
Defense Atty: JEROME M CAPONE , Esq.


       Event
No.   Date          Event                         Judge
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
       TRANSCRIPT
       OF PRELIMINARY HRG.
       10/01/1986                                BABIARZ JOHN E. JR.
       CRIMINAL TRIAL CALENDAR - TRIAL
12     10/06/1986                                MARTIN JOSHUA WILLIAM III
       JURY TRIAL
       JURY FINDS.DEFT.WALLS GLTY.AS TO
       ALL 10 CHARGES. JURY POLLED. BAIL
       INCREASED TO $300,000 SEC.
       D/LEVINSON S/BALICK CR/SHERR
       CC/AUBERTIN J/G.WEISINGER,
       G.PISKOWSKI,P.CUOMO,L.LYONS,
       H.BRZOSKA,E.BEST,R.DONAHUE,
       M.BRESKE,C.BERLEIN,C.SIEG ALT/
       S.KUREK.
13     10/22/1986
       MOTION
       FOR MISTRIAL  REFER TO JMARTIN
14     10/30/1986
       MOTION FOR NEW TRIAL
       REFERRED TO JUDGE MARTIN
15     11/12/1986
       MOTION TO WITHDRAW AS COUNSEL
       11/24/1986
       PRESENTENCE INVESTIGATION ORDERED
       11/24/1986                                BABIARZ JOHN E. JR.
       MOTION TO WITHDRAW AS COUNSEL
       PASSED 1WK
16     11/24/1986                                GEBELEIN RICHARD S.
       ORDER PURSUANT TO RULE 32(B)
       1204 THRU 1213:  JURY FOUND DEFT.
       GUILTY AS TO ALL CHARGES.  BAIL
       WAS INCREASED TO $300,000.SEC.
       12/01/1986                                BALICK BERNARD
       MOTION TO WITHDRAW AS COUNSEL
       REFER TO JUDGE MARTIN.
17     12/18/1986                                MARTIN JOSHUA WILLIAM III
       ORDER
       (#015) MTNWAC,GRANTED
       12/19/1986
       DISCOVERY REQUEST
18     01/07/1987

A-18

```
                    SUPERIOR COURT CRIMINAL DOCKET            Page     4
                       ( as of  10/28/2003 )
```

State of Delaware v.  JOSEPH M WALLS                    DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.           AKA:
Defense Atty: JEROME M CAPONE , Esq.

```
       Event
No.    Date            Event                         Judge
---------------------------------------------------------------------
       MOTION FOR JUDGMENT OF ACQUITAL
       REFERRED TO JUDGE MARTIN
19    01/19/1987
       TRANSCRIPT OF TRIAL
       EXCERPT OF TRL TESTIMONY  JMART
20    02/25/1987                              MARTIN JOSHUA WILLIAM III
       OFFICE CONFERENCE
       MTNJOA, THE COURT WILL NOT RULE
       ON MTNJOA UNTIL MR.GREGORY
       RECEIVES A COPY OF THE TRANSCRIPT
       & FILES THE APPRORIATE MOTIONS
       DISCUSSED IN CHAMBERS.(GREGORY)
       04/03/1987
       DISCOVERY REQUEST
       05/15/1987
       DISCOVERY RESPONSE
21    07/22/1987
       TRANSCRIPT
       RESPONSE TO JURY NOTE
22    07/23/1987
       TRANSCRIPT
       SUMMATIONS & JURY CHARGE
       07/29/1987
       DISCOVERY RESPONSE
23    08/18/1987                              MARTIN JOSHUA WILLIAM III
       TRANSCRIPT OF TRIAL
       VOLUME-A
24    08/18/1987                              MARTIN JOSHUA WILLIAM III
       TRANSCRIPT OF TRIAL
       VOLUME-B
25    08/28/1987                              MARTIN JOSHUA WILLIAM III
       TRANSCRIPT OF TRIAL
       VOLUME-C
26    08/28/1987                              MARTIN JOSHUA WILLIAM III
       TRANSCRIPT OF TRIAL
       VOLUME-D
27    09/11/1987                              MARTIN JOSHUA WILLIAM III
       TRANSCRIPT OF TRIAL
       VOLUME-E
28    09/21/1987                              MARTIN JOSHUA WILLIAM III
       ORDER
       AS TO 1204 THRU 1213, IT IS ORD.
```

A-19

```
                    SUPERIOR COURT CRIMINAL DOCKET                Page   5
                       ( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                     DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.            AKA:
Defense Atty: JEROME M CAPONE , Esq.


        Event
No.   Date            Event                          Judge
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
        PURSUANT TO SUPERIOR COURT CRIM.
        RULE 44(G), THAT THE DEFT.BE
        FURNISHED AT STATE EXPENSE A COPY
        OF THE TRANSCRIPT OF ALL PROCEED.
        TAKEN IN THE ABOVE MATTER, INCLUD
        THE SUPPRESSION HEARING.
29   10/08/1987
        LETTER
        TO JEROME M.CAPONE,ESQ. JUDGE
        MART WILL BE AWAITING RESPONSE TO
        THE PRO-SE MOTION FOR NEW TRIAL
        & MOTION FOR JUDGEMENT OF ACQUIT.
30   10/08/1987                               MARTIN JOSHUA WILLIAM III
        TRANSCRIPT OF TRIAL
        VOLUME-F
31   10/08/1987                               MARTIN JOSHUA WILLIAM III
        TRANSCRIPT OF TRIAL
        VOLUME-G
32   10/08/1987
        TRANSCRIPT
        SUMMATIONS & JURY CHARGE
33   10/08/1987
        TRANSCRIPT
        RESPONSE TO JURY NOTE
34   10/14/1987                               BALICK BERNARD
        LETTER
        IN ANSWER TO LETTER TO J.STIFTEL
        DATED 9/24/87, COURT HAS NO RE-
        CORD FO ANY APPEAL INVOLVING DEFT
     10/14/1987
        *                                     TEXT ENTRY
        FROM A JUSTICE OF THE PEACE CT.
        AS TO ANY APPEAL FROM A DENIAL BY
        A JUDGE IN THIS CT.OF A PETITION
        FOR HABEAS CORPUS, BRIEFING WOULD
        BE DONE IN SUPREME COURT.
35   01/13/1988                               MARTIN JOSHUA WILLIAM III
        OFFICE CONFERENCE
        AUTHERIZING PAYMENT OF INVEST.&
        STATUS OF CASE.CT.ADMINISTRATORS
        HAS TO CONTACT THE 12 JURORS IN
        ORDER TO ASK THE JURORS QUESTIONS
```

A-20

State of Delaware v.  JOSEPH M WALLS                         DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.              AKA:
Defense Atty: JEROME M CAPONE , Esq.

```
       Event
No.    Date            Event                         Judge
------------------------------------------------------------------------
       TO DETERMINE IF VERDICT WAS
       TAINTED DUE TO KNOWLEDGE OF DEFTS
       CRIMINAL HISTORY. QUESTIONING IS
       TO TAKE PLACE IN THE COURT ROOM
       W/JUDGE PRESIDING & COUNSEL PRE-
       SENT. DEFT'S.ATTY.WILL SUBMIT TO
   01/13/1988
          *                                  TEXT ENTRY
       COURT QUESTIONS THAT WILL BE
       ASKED TO THE JURORS.
36  02/10/1988                               MARTIN JOSHUA WILLIAM III
       ORDER
       THERE BEING NO BASIS FOR POST
       CONVICTION RELIEF FOR JOSEPH M.
       WALLS, ALL OF.DEFT'S.MTNS.PERTI-
       NENT HERETO ARE DENIED & MR.WALLS          - - -
       SHOULD BE SCHD.FOR SENT.AS SOON
       AS POSSIBLE.
37  03/08/1988                               MARTIN JOSHUA WILLIAM III
       SENTENCE
       AS TO 1211,PDWDCF: COSTS SUSP.
       BE IMP.15 YRS.MAND.BEGN.061587.
       AS TO 1205,ROB.1ST: COSTS SUSP.
       BE IMP.10 YRS.CONSECUTIVE TO
       IN86-03-1211. 1ST 3 YRS.MIN.MAND.
       AS TO 1206,ROB.1ST: COSTS SUSP.
       BE IMP.FOR 10 YRS.CONSECUTIVE TO
       IN86-03-1205. 1ST 3 YRS.MIN.MAND.
       AS TO 1207,KIDNAP.2ND: COSTS SUSP
       BE IMP.5 YRS.CONSECUTIVE TO
       IN86-03-1206. AS TO 1204,BURG.1ST
       COSTS SUSP. BE IMP.5 YRS.CONSECU-
       TIVE TO IN86-03-1207. AS TO 1209,
       KIDNAP.2ND: COSTS SUSP. BE IMP.
       FOR 5 YRS.CONSECUTIVE TO IN86-03-
       1204. AS TO 1210,ASLT.2ND: COSTS
       SUSP. BE IMP.4 YRS.CONSECUTIVE TO
       IN86-03-1209. AS TO 1208,ASLT.2ND
       COSTS SUSP. BE IMP.FOR 4 YRS.CON-
       SECUTIVE TO IN86-03-1210. AS TO
       1213,CONSP.2ND: COSTS SUSP. BE
       IMP.3 YRS.CONSECUTIVE TO IN86-03-
```

A-21

SUPERIOR COURT CRIMINAL DOCKET                 Page    7
( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                    DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.          AKA:
Defense Atty: JEROME M CAPONE , Esq.

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| | | 1208. AS TO 1212,TERROR.THREAT.: COSTS SUSP. BE IMP.FOR 1 YR.CON-SECUTIVE TO IN86-03-1213. AS TO ALL CHGS.REST.NOT REQUIRED DUE TO LENGTH OF IMP. BE COMMIT.TO DCC FOR PURPOSE OF CARRYING OUT THIS SENT. D/CAPONE S/BUTLER CR/F.WHITE CC/WELDIN | |
| 38 | 03/22/1988 | ORDER OF JUDGMENT | MARTIN JOSHUA WILLIAM III |
| 39 | 03/29/1988 | NOTICE OF APPEAL 105,1988 | |
| 40 | 04/22/1988 | DEFENDANT'S LETTER TO JUDGE BALICK | - - - |
| 41 | 04/28/1988 | LETTER FROM DEFT.REQUESTING THAT THE COURT (A) EITHER VACATES SENT. IMPOSED BY JUSTICE OF THE PEACE ON JUNE 1,1987;(B) ISSUES A BRIEF SCHEDULE FOR THIS CASE, OR (C) CLARIFIES COURTS MARCH 31,1988 LETTER: IS DENIED. | BALICK BERNARD |
| 42 | 06/28/1988 | MANDATE DISMISSED APPEAL IS DISMISSED. (#105,1988) | |
| 43 | 11/03/1988 | TRANSCRIPT RESPONSE TO JURY NOTE | |
| 44 | 11/03/1988 | TRANSCRIPT SUMMATION & JURY CHARGE | |
| 45 | 11/03/1988 | TRANSCRIPT VOLUME A | |
| 46 | 11/03/1988 | TRANSCRIPT VOLUME B | |
| 47 | 11/03/1988 | TRANSCRIPT | |

A-22

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    8
                    ( as of  10/28/2003 )
```

State of Delaware v.  JOSEPH M WALLS                 DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.          AKA:
Defense Atty: JEROME M CAPONE , Esq.

```
       Event
No.    Date          Event                          Judge
--------------------------------------------------------------------------
       VOLUME C
48     11/03/1988
       TRANSCRIPT
       VOLUME D
49     11/03/1988
       TRANSCRIPT
       VOLUME E
50     11/03/1988
       TRANSCRIPT
       VOLUME F
51     11/03/1988
       TRANSCRIPT
       VOLUME G
52     12/01/1988
       RECORDS SENT TO SUPREME COURT                    ...
53     12/06/1988
       RECEIPT RECORDS ACKNOWLEDGED BY
       DEL.SUPREME COURT
54     06/27/1989
       MANDATE AFFIRMED
55     05/23/1990
       LETTER
       FROM DEFT.TO JEROME CAPONE,ESQ.
       ASKING THAT HE FORWARD ALL PAPERS
       SO THAT HE CAN PREPARE A MTN.FOR
       POST-CONVICTION RELIEF.
56     06/18/1990                              ROWE WILLIAM S. JR.
       COURT COSTS & FINE PAID IN FULL
       - J.P.COURT 10 (DATED 6/27/87)
       (REFER TO DOCKET #'S 40 & 41).
57     04/08/1992                              DEL PESCO SUSAN C.
       PETITION TO OBTAIN STATE RECORDS
       SIGNED BY JUDGE 041392.        LGC
58     05/29/1992                              TOLIVER CHARLES H. IV
       MOTION FOR POST-CONVICTION RELIEF
59     05/29/1992                              TOLIVER CHARLES H. IV
       MEMORANDUM OF LAW
       IN SUPPORT OF RULE 61          WJS
60     05/29/1992                              TOLIVER CHARLES H. IV
       MEMORANDUM OF LAW
       APPENDIX TO (# 059)           WJS
       07/12/1993
```

*A-23*

```
                 SUPERIOR COURT CRIMINAL DOCKET           Page    9
                   ( as of  10/28/2003 )
```

State of Delaware v.  JOSEPH M WALLS                 DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.         AKA:
Defense Atty: JEROME M CAPONE , Esq.

```
       Event
No.    Date          Event                         Judge
-----------------------------------------------------------------------
       REC.RET.FROM SUPREME COURT
61   08/27/1993                                  GEBELEIN RICHARD S.
       LETTER
       INFORMING DEFT.THAT ANY FURTHER
       INQUIRIES ABOUT HIS POST-
       CONVICTION RELIEF MOTION SHOULD
       BE DIRECTED TO J.TOLIVER.      DCB
62   12/20/1993                                  TOLIVER CHARLES H. IV
       ORDER
       MOTION FOR POSTCONVICTION RELIEF
       IS DENIED. (ENTERED 12/27/93) WJS
63   12/13/1994
       LETTER FROM DEFENDANT
                                  JLB
64   01/06/1995                                       ---
       LETTER
       TO DEFT FROM MARY WILSON-DAWSON,
       SECRETARY TO JUDGE TOLIVER IN
       REGARDS TO DECEMBER 27, 1993
       POSTCONVICTION RELIEF DECISION.
                                  DSC
65   01/25/1995
       MOTION
       FOR REARGUMENT.            WJS
66   01/30/1995                                  TOLIVER CHARLES H. IV
       ORDER
       MOTION FOR POSTCONVICTION RELIEF
       IS DENIED. (ENTERED 1/31/95)  WJS
69   02/15/1995
       LETTER FROM DEFENDANT
                                  CM
67   02/27/1995
       NOTICE OF APPEAL
       #59, 1995                  DF
68   02/27/1995
       LETTER
       (SUPREME COURT) TO PROTHONOTARY
       PURSUANT TO SUPREME COURT RULE 9
       (B)(II) THE RECORD MUST BE FILED
       IN THIS OFFICE NO LATER THAN
       032095                     DF
70   03/05/1995                                  TOLIVER CHARLES H. IV
```

A-24

```
                     SUPERIOR COURT CRIMINAL DOCKET            Page   11
                       ( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                    DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.           AKA:
Defense Atty: JEROME M CAPONE , Esq.


        Event
No.     Date            Event                            Judge
------------------------------------------------------------------------
        LETTER
        TO DEFT.,YOUR REQUEST FOR REARGU-
        MENT IS DENIED. IT IS SO ORDERED.
71      03/20/1995
        RECORDS SENT TO SUPREME COURT
                                        DF
72      03/23/1995
        RECEIPT RECORDS ACKNOWLEDGED BY
        SUPREME COURT              DF
73      01/23/1996
        MANDATE AFFIRMED
        #59, 1995                   DF
        01/30/1996
        LETTER FROM DEFENDANT
                                    SYB
74      07/01/1996
        DEFENDANT'S LETTER FILED.
75      06/04/2002
        LETTER REQUESTING DEFENSE/STATE'S ATTORNEY TO WITHDRAW EXHIBITS.
76      06/05/2002
        LETTER FILED FROM PETER LETANG TO EDGAR JOHNSON.
        PLEASE ACCEPT THIS CORRESPONDENCE AS ACKNOWLEDGMENT THAT THE STATE HAS
        RECEIVED THE ATTACHED LISTED EXHIBITS AND AGREES TO THEIR DESTRUCTION.
77      06/20/2002
        ORDER PERMITTING DESTRUCTION OF EXHIBITS.
        EXHIBITS FOR CRIMINAL AND CIVIL CASES TRIED PRIOR TO 1/1/90 WILL BE
        DESTROYED UNLESS A WRITTEN REQUEST IS MADE TO REMOVE THE EXHIBITS
        PROMPTLY.
        6/20/02 EVIDENCE DESTROYED
78      10/07/2003
        DEFENDANT'S LETTER FILED.
        TO: JUDGE TOLIVER
        RE: HUMAN RIGHTS FORUM
79      10/07/2003
        DEFENDANT'S LETTER FILED.
        TO: JUDGE GEBELEIN
        RE: HUMAN RIGHTS FORUM
80      10/23/2003
        MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
        REFERRED TO JUDGE TOLIVER FOR JUDGE MARTIN.

             *** END OF DOCKET LISTING AS OF  10/28/2003 ***
                     PRINTED BY: CSCAHAI
```

A-25

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSEPH M. WALLS,                          §
                                          §
          Defendant Below-                §          No. 290, 2004
          Appellant,                      §
                                          §          Court Below---Superior Court
     v.                                   §          of the State of Delaware,
                                          §          in and for New Castle County
STATE OF DELAWARE,                        §          Cr. ID No. 86013001DI
                                          §
          Plaintiff Below-                §
          Appellee.                       §

Submitted: September 7, 2004
Decided: October 15, 2004

Before **HOLLAND**, **BERGER** and **JACOBS**, Justices

### O R D E R

This 15th day of October 2004, the Court has considered the appellee's

motion to affirm pursuant to Supreme Court Rule 25(a) and finds it manifest on the

face of the appellant's opening brief that the appeal is without merit for the reasons

stated by the Superior Court in its decision dated June 24, 2004.

NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm

is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*Carolyn Berger*
Justice

A-28

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH M. WALLS, | § | |
| | § | No. 290, 2004 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 86013001DI |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  October 21, 2004
Decided:  October 25, 2004

Before **STEELE**, Chief Justice, **HOLLAND, BERGER, JACOBS** and
**RIDGELY**, Justices, constituting the Court *en Banc*.

### O R D E R

This _25th_ day of October, 2004, the Court having carefully
considered appellant's Motion for Reargument/Rehearing *en Banc* of the
Court's Order dated October 15, 2004, and it appearing that the same should
be denied;

NOW, THEREFORE, IT IS ORDERED that appellant's Motion for
Reargument/Rehearing *en Banc* be, and the same hereby is, DENIED.

BY THE COURT:

_____
Justice

A-29

SUPERIOR COURT
OF THE
STATE OF DELAWARE

CHARLES H. TOLIVER, IV
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0657

June 24, 2004

Joseph M. Walls, #107897
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Re:   State of Delaware v. Joseph M. Walls
Rule 61 Postconviction Relief
I.D. No.:      86013001DI
Cr. A. No.:   IN86-03-1204 thru 1209, IN86-03-1211

Dear Mr. Walls:

The Court received your Rule 61 Motion For Postconviction Relief on or about October 23, 2003. The State was ordered to respond and did so on March 9, 2004. You have since filed a reply brief and subsequent supplement to that reply. You raise two grounds in this motion. First, you contend that the conviction of Possession of a Deadly Weapon During the Commission of a Felony constituted a violation of Due Process or Ex Post Facto Clause of the Constitution because at the time of your conviction, a bat was not considered "a deadly weapon" pursuant to 11 Del. C. §222(5). It was not until July 14, 1992 that a bat was considered a deadly weapon under the Delaware Code. Second, you argue that the conviction of Robbery First Degree, which was based on the co-defendant's possession of a handgun during the crime violated Due Process and 11 Del. C. §274. The State has opposed your petition arguing that it is procedurally barred by Rule 61(i)(2)-(4). Furthermore, the State insists that you raised the same argument concerning the applicability of a Robbery First Degree conviction in a prior proceeding with similar charges and this Court held that your statutory interpretation was incorrect at that time.[1] It also contends that you are not entitled to any relief from these procedural bars by virtue of Rule 61(i)(5).

---

[1] State v. Walls, 1993 WL 603347, at *1-2 (Del. Super. Ct.).

A-30