Corrected
8/29/05

1:05-CV-585 KAJ
Judge Kent A. Jordan

Page 2

28 U.S.C. 2241(a)(c)(3)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District *Delaware* |
|---|---|

| Name (under which you were convicted): *Joseph M. Walls* | Docket or Case No.: |
|---|---|

| Place of Confinement: *Delaware Correctional Center* *1181 Padlock Road, Smyrna, DE 19977* | Prisoner No.: *107897* |
|---|---|

Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner)

*Joseph M. Walls*    v.    *Thomas Carroll*

The Attorney General of the State of *Delaware: Mary Jane Brady*

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    *Superior Court, New Castle County, Delaware*

    (b) Criminal docket or case number (if you know): *IN 86-03-1204 to -1213*

2.  (a) Date of the judgment of conviction (if you know): *Oct. 6, 1986*

    (b) Date of sentencing: *March 8, 1988*

3.  Length of sentence: *62 years*

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5.  Identify all crimes of which you were convicted and sentenced in this case: *Two counts Robbery 1st degree (10 yrs each), PDW (15 yrs), Burglary 1st degree (5 yrs), two counts Assault 2d degree (4 yrs each), Conspiracy 2d (3 yrs), Terroristic Threatening (1 yr), two counts Kidnapping 2nd degree (5 yrs each).*

6.  (a) What was your plea? (Check one)

    (1)    Not guilty ☒         (3)    Nolo contendere (no contest) ☐

    (2)    Guilty ☐             (4)    Insanity plea ☐

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

    _____

    _____

    _____

_____
_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☒  No ☐

8. Did you appeal from the judgment of conviction?

Yes ☒  No ☐

9. If you did appeal, answer the following:

(a) Name of court: _Supreme Court of Delaware_

(b) Docket or case number (if you know): _NO. 105, 1988_

(c) Result: _Kidnappings vacated, remaining charges affirmed_

(d) Date of result (if you know): _June 1, 1989_

(e) Citation to the case (if you know): _Walls v. State, 560 A.2d 1038 (Del. 1989)_

(f) Grounds raised: _① In court ID error, ② Prejudicial nickname evidence,_
_③ Antagonistic defense, ④ Inconsistent verdict, ⑤ Insufficient_
_kidnapping evidence, ⑥ Kidnapping instruction error,_
_⑦ Insufficient Burglary evidence, ⑧ Prejudicial DA argument._

_____
_____

(g) Did you seek further review by a higher state court?   Yes ☐  No ☐

If yes, answer the following:        _N/A_

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____
_____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____
_____
_____
_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒  No ☐

If yes, answer the following:

(1) Docket or case number (if you know): _NO. 89-5628_

Page 4

(2) Result: *Certiorari denied*

(3) Date of result (if you know): *Nov. 13, 1989*

(4) Citation to the case (if you know): *Walls V. Delaware*

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: *Delaware Superior Court*

(2) Docket or case number (if you know): *State V. Walls IN86-03-1204, et seq.*

(3) Date of filing (if you know): *May 26, 1992*

(4) Nature of the proceeding: *Postconviction motion*

(5) Grounds raised: ① *Conviction of greater and lesser crimes,* ② *Robbery Conspiracy statutory limits,* ③ *Multiple convictions DJ,* ④ *Bat not deadly weapon,* ⑤ *Conclusive presumption deadly weapon instruction,* ⑥ *Deadly weapon instruction too broad,* ⑦ *Burglary element missing,* ⑧ *Constructive amendment in indictment,* ⑨ *Jury tampering,* ⑩ *No jurisdiction,* ⑪ *Antagonistic defense,* ⑫ *Ineffective counsel.*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☒

(7) Result: *Dismissed*

(8) Date of result (if you know): *Dec. 20, 1993 and Jan. 30, 1995*

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: *Delaware Superior Court*

(2) Docket or case number (if you know): *State V. Walls, C.A. No. 98M-03-008*

(3) Date of filing (if you know): *March 19, 1998*

(4) Nature of the proceeding: *State Habeas Corpus*

(5) Grounds raised: ① *Constructive amendment,* ② *Conclusive presumption* ③ *Constructive amendment,* ④ *Statutory limits,* ⑤ *No jurisdiction,* ⑥ *Concealed exculpatory evidence,* ⑦ *Prejudicial nickname evidence,* ⑧ *Ineffective counsel.*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ❏   No ☒

(7) Result: _Dismissed_

(8) Date of result (if you know): _April 2, 1998   (A-267)_

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court: _Delaware Superior Court_

   (2) Docket or case number (if you know): _State v. Walls, IN86-03-1204, et al._

   (3) Date of filing (if you know): _Oct. 21, 2003_

   (4) Nature of the proceeding: _Postconviction motion_

   (5) Grounds raised: _① Recent change in law, actual innocence, deadly weapon definition, Ex post facto / Due Process._
   _② Insufficient evidence, actual innocence, limited liability, Due process._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?     Yes ❏   No ☒

(7) Result: _denied_

(8) Date of result (if you know): _June 24, 2004.   Copy at A-30._

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:     Yes ☒   No ❏

   (2) Second petition:   Yes ☒   No ❏

   (3) Third petition:     Yes ☒   No ❏

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
   _N/A - no higher court in state._

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _Actual innocence, Ex Post Facto and Due Process Violations. (See Memorandum of Law, pp. 3-13)_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Post-trial amendment to definition of deadly weapon statute 68 Del. Laws c. 370, expanding definition of what is a deadly weapon to specifically include a "baseball bat" can not be applied retroactively in violation of Ex Post Facto or Due Process; and both DA and legislative statements in Synopsis to 68 Del. Laws c. 370 proves actual innocence of deadly weapon element violating Due Process._

(b) If you did not exhaust your state remedies on Ground One, explain why: _N/A_

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Post conviction motion_

Name and location of the court where the motion or petition was filed: _Superior Court, New Castle County, Delaware 19801_

Docket or case number (if you know): *State V. Walls ID No. 8601300101*

Date of the court's decision: *June 24, 2004*

Result (attach a copy of the court's opinion or order, if available): *Dismissed, citing post-trial court decisions as controlling and procedural bars (Copy at A-30).*

(3) Did you receive a hearing on your motion or petition?

　　Yes ❑　No ☒

(4) Did you appeal from the denial of your motion or petition?

　　Yes ☒　No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

　　Yes ☒　No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Supreme Court, Dover, Delaware 19901*

Docket or case number (if you know): *NO. 290, 2004*

Date of the court's decision: *Oct. 15, 2004, Oct. 25, 2004.*

Result (attach a copy of the court's opinion or order, if available): *Summary affirmed. Copy at A-28, A-29*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *N/A*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *U.S. Sup. Ct., Petition for Certiorari, denied, April 18, 2005, Walls V. Delaware, NO. 04-8552. Copy at A-316*

GROUND TWO: *Actual innocence, violation of Due Process.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *Statutory liability limits under 11 Del.C. 274 and post-trial court decisions thereon, prove actual innocence of Robbery 1st weapon (gun) element, violating Due Process. (see Memorandum, pp. 14-19)*

_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: ___N/A___
_____
_____
_____

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ___N/A___
_____
_____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Postconviction motion_

Name and location of the court where the motion or petition was filed: _Superior Court, New Castle County, Delaware 19801_

Docket or case number (if you know): _State V. Walls, ID NO. 8601300101_

Date of the court's decision: _June 24, 2004_

Result (attach a copy of the court's opinion or order, if available): _Dismissed citing unrelated post-trial court decision and procedural bars. Copy at A-30._

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Supreme Court, Dover, DE 19901_

Docket or case number (if you know): *NO. 270, 2004*

Date of the court's decision: *Oct. 15, 2004,    Oct. 25, 2004*

Result (attach a copy of the court's opinion or order, if available): *Summary affirmed. Copy at A-28, A-29*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *N/A*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

*N/A*

GROUND THREE: *N/A*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ☒  No ❑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: *N/A* _____

_____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: *All grounds raised in State Court.* _____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☒  No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

(1) Walls V. Redman, No. 90-423-RRM, DE Dist. Ct., Question 9(f) grounds raised, Rose V. Lundy mixed petition, no appeal returned to state Ct. for exhaustion. (A-248) March 25, 1993.
(2) Walls V. Taylor, No. 90-423-RRM, DE Dist. Ct., Question 11(B) grounds raised, habeas dismissed as time barred after returning from state exhaustion, June 21, 2001 (A-278), appeal denied (A-308).

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ❏    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N/A _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Unknown. DE Public Defender, 820 N. French St., Wilm. DE 19801

(b) At arraignment and plea: Paul S. Swierzbinski, Public Defenders, 820 N. French St., Wilm. DE 19801

(c) At trial: Laurence I. Levinson, address unknown

(d) At sentencing: Jerome M. Capone, 4 East 8th Street, Wilm, DE 19801

(e) On appeal: Jerome M. Capone, 4 East 8th Street, Wilm. DE 19801

(f) In any post-conviction proceeding: PRO SE

(g) On appeal from any ruling against you in a post-conviction proceeding: PRO SE

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☒   No ❏

Page 14

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _Superior Court, New Castle County, Wilm'ng DE 19801_

(b) Give the date the other sentence was imposed: _March 18, 1988_

(c) Give the length of the other sentence: _82 years_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☒   No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* (I) The Petition is timely filed within one year (excluding state exhaustion time) of the Court's recent "deadly weapon" definition decision in Buckley v. Florida, 123 S. Ct. 2020 (2003). Cf. Dodd v. U.S., 125 S. Ct. 2478, 2483 (2005) ("one year from" decision "to file" motion) and Schriro v. Summerlin, 124 S. Ct. 2519, 2522 (2004) (substantive changes to be applied retroactively).

(II) Actual innocence waives time and procedural bars: (A) The Synopsis to 68 Del. Laws c. 378 proves at time of crimes "common objects such as ... baseball bats" were not within deadly weapon definition, and (B) liability limits 11 Del. C. 274 proves actual innocence of aggravating element (gun) that raised Robbery 2nd degree to Robbery 1st degree - U.S. v. Garth, 188 F.3d 99, 106, 110 n.13 (3rd Cir. 1999); Buckley, 123 S. Ct. at 2022 n.* (even claim "raised" in prior appeals, actual innocence waives bars); Schriro, 124 S. Ct. at 2522-24 (part-trial action modifying "element of an offense is normally substantive... [altering] the range of conduct the statute punishes"); Bousley v. U.S., 523 U.S. 614, 620-21 (1998) (no bars to actual innocence).

(see Memorandum of Law, pp. 20-26).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Page 15

Therefore, petitioner asks that the Court grant the following relief: *That the weapon and assault convictions/sentences be vacated; and that the Robbery 1st be reduced to Robbery 2nd degree with resentencing.*

or any other relief to which petitioner may be entitled.

_____  *N/A*  _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *August 5, 2005* (month, date, year).

Executed (signed) on *August 5, 2005* (date).

_____
Signature of Petitioner

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH M. WALLS,
           Petitioner,

V.                                                    NO. 1:05-cv-585-KAJ

WARDEN THOMAS CARROLL,
           Respondent.

MEMORANDUM OF LAW
and
APPENDIX

in support of

WRIT OF HABEAS CORPUS

August 5, 2005

Joseph M. Walls, A.A.S.
DCC #107897  Bldg. S-1
Delaware Correctional Center
1181 Padlock Road
Smyrna, DE 19977

# TABLE OF CONTENTS

Table of Citations ............................................ III.

Statement of the Case ........................................ 1

Reason For Granting The Petition ............................. 3

Ground One: The Deadly Weapon And Assault .................. 3
Convictions For Possessing Or Use Of A
Common Baseball Bat Violates Legislative
Intent, Ex Post Facto, And Due Process

   A. Supremacy Clause Violated .............................. 4
   B. Ex Post Facto Violated ................................. 5

     1. Deadly Weapon Indictments ......................... 5
     2. Post-Trial Expansion Of Deadly ..................... 6
       Weapon Definition
     3. Baseball Bat Excluded ............................. 7

   C. Due Process Violated ................................... 9
     1. "Use Test" Violated ................................ 9
       a. Neither Anderson or Warren ..................... 10
         Were Foreseeable Changes
       b. DE Legislature Rejected "Use Test" ............ 10
       c. "Use Test" Revived Post-Trial ................. 11
         With 1992 Expansion
    SUMMARY ................................................ 12

Ground Two: The Robbery First Degree ....................... 14
Convictions, For Displaying a Handgun,
Violates Clear Legislative Intent And
Due Process
   A. Supremacy Clause Violated .............................. 14
   B. Due Process Violated ................................... 15
     1. Robbery Indictment ................................ 15
     2. Liability Limits .................................. 16
     3. Only Robbery Second Proven ........................ 16
       a. Sec. 274 Two Pronged Test ...................... 17
        (i) First Prong "Accomplice" .................. 17
          Conceeded

(ii) Second Prong "degree" Test          18
   (a) Robbery is Divided into          18
     Degrees
   (b) Only Robbery Second          18
     Degree Proven

SUMMARY          19

CONCLUSION          20

AFFIDAVIT OF DEFENDANT          27

APPENDIX

A-1     Indictment
A-7     DE Criminal Code with Commentary (1973), pp. 24-27,
     52-53, 256-261
A-14    68 Del. Laws c. 378 (1992)
A-15    Trial Transcript p. C-129
A-16    Docket Sheet
A-28    Walls V. State, No. 290, 2004, Holland, J. (Del. Supr. Oct. 15, 2004)
A-29    Walls V. State, No. 290, 2004, Steele, C.J. (Del. Supr. Oct. 25, 2004)
A-30    State V. Walls, No. 8601300101, Toliver, J. (Del. Super. June 24, 2004)
A-34    State V. Anderson, 1992 WL 353826 (Del. Supr. Oct. 7, 1992)
A-36    Warren V. State, 1993 WL 132986 (Del. Supr. April 8, 1993)
A-248   Walls V. Redman, No. 90-423-RRM, McKelvie, J. (Del. Dist. Ct. March 25, 1993)
A-267   In the Matter of the Petition of Joseph M. Walls, No. 98 M-03-008,
     Toliver, J. (Del. Super. April 2, 1998)
A-272   Walls V. State, No. 175, 1998, Veasey, C.J. (Del. Supr. March 17, 1999)
A-278   Walls V. Taylor, No. 90-423-RRM, McKelvie, J. (Del. Dist. Ct. June 21, 2001)
A-308   Walls V. Redman, No. 01-4335, Sloviter, J. (3rd Cir. Sep. 18, 2002)
A-316   Walls V. Delaware, No. 04-8552, Clerk (U.S. Supr. Ct. April 18, 2005)

TABLE OF CITATIONS

COURT DECISIONS                                                      Page

Bouie v. Columbia, 84 S.Ct. 1697 (1964)                          9, 12, 21

Buckley v. Florida, 123 S.Ct. 2020 (2003)                        24, 25, 26

Carmell v. Texas, 120 S.Ct. 1620 (2000)                          9

Collins v. Youngblood, 110 S.Ct. 2715 (1990)                     9

Davis v. State, 400 A.2d 292 (Del. 1979)                         17, 18

DiSabotino v. State, 808 A.2d 1216 (Del. Super. 2002)            8

Dretke v. Haley, 124 S.Ct. 1847 (2004)                           20

Elmendorf v. Taylor, 23 U.S. 152 (1825)                          4

Engle v. Isaac, 102 S.Ct. 1558 (1982)                            25

Estelle v. McGuire, 112 S.Ct. 475 (1991)                         21

Everett v. Beard, 290 F.3d 500 (3rd Cir. 2002)                   22

Fidelity Deposit v. Dept. Admin. Sen., 830 A.2d 1224             12
        (Del. Ch. 2003)

Fiore v. White, 121 S.Ct. 712 (2001)                             9, 13, 19, 25

Hamilton v. State, 831 A.2d 881 (Del. 2003)                      25

Herrera v. Collins, 506 U.S. 390 (1993)                          20
Herring v. State, 805 A.2d 872 (Del. 2002)                       18
In re Winship, 397 U.S. 358                                       19, 25

In the Matter of the Petition of Joseph M. Walls,                A-267, 2
        C.A. No. 98M-03-008, Toliver, J.
        (Del. Super. April 2, 1998) (order)

Jackson v. Virginia, 99 S.Ct. 2781 (1979)                        19, 20, 25

Johnson v. State, 711 A.2d 18 (Del. 1998)                        7, 12, 17, 18

Jones v. U.S., 526 U.S. 227 (1999)                               21

Lanzetta v. New Jersey, 59 S.Ct. 618 (1939)                      24

LeCompte v. State, 516 A.2d 898 (Del. 1986) .................. 25

Lockyer v. Andrade, 123 S.Ct. 1166 (2003) .................. 22

Marks v. U.S., 97 S.Ct. 990 (1977) .................. 24

Mapler v. Stegall, 340 F.3d 433 (6th Cir. 2003) .................. 22

Marbury v. Madison, 1 Cranch 137 (1803) .................. 4

Mullaney v. Wilbur, 421 U.S. 684 (1975) .................. 21

Pleasanton v. State, 817 A.2d 791 (Del. 2003) .................. 9

Sawyer v. Whitley, 112 S.Ct. 2514 (1992) .................. 19, 23

Schlup v. Delo, 513 U.S. 298 (1995) .................. 20

State v. Anderson, 1992 WL 353826 (Del. Supr. 1992) .................. A-34, 10, 12, 24

State v. Dickerson, 298 A.2d 761 (Del. 1972) .................. 12, 13

State v. Klosowski, 310 A.2d 656 (Del. Super. 1973) .................. 18

State v. LeCompte, 538 A.2d 1102 (Del. 1988) .................. 13, 24

State v. Spence, 367 A.2d 983 (Del. 1976) .................. 12

State v. Walls, IN86-03-1204, etseq., Toliver, J. (Del. Super. June 24, 2004) (order) .................. A-30, 9, 10, 12, 17, 21, 22

Stugner v. California, 123 S.Ct. 2446 (2003) .................. 8, 9

Taylor v. State, 679 A.2d 449 (Del. 1996) .................. 7, 12

Thompson v. Louisville, 80 S.Ct. 624 (1960) .................. 20

U.S. v. Lanier, 117 S.Ct. 1219 (1997) .................. 24

Wainwright v. Sykes, 92 S.Ct. 2497 (1977) .................. 20

Wallace v. Nash, 311 F.3d 140 (2nd Cir. 2002) .................. 11

Walls v. Delaware, No. 04-8552 (U.S. Sup. Ct., April 18, 2005) (order) .................. A-316, 2

Walls v. Redman, C.A. No. 90-423-RRM, McKelvie, J. (D.C. Del. March 25, 1993) (order) .................. A-248, 2

Walls v. Redman, C.A.No. 01-4335, Sloviter, J.    A-308, 2
    (3rd Cir. Sep.18, 2002)(order)

Walls v. State, No. 175, 1998, Veasey, C.J.    A-272, 2
    (Del. Supr. March 17, 1999)(order)

Walls v. State, No. 290, 2004, Holland, J.    A-28, 2, 21
    (Del. Supr. Oct. 15, 2004)(order)    22

Walls v. State, No. 290, 2004, Steele, C.J.    A-29, 2, 21
    (Del. Supr. Oct. 25, 2004)(order)    22

Walls v. Taylor, C.A.No. 90-423-RRM, McKelvie, J.    A-278, 2
    (D.C. Del. June 21, 2001)(order)

Walton v. State, 821 A.2d 271 (Del. 2003)    8

Warren v. State, 1993 WL 132986 (Del. Supr. 1993)    A-36, 10, 12

Williams v. State, 818 A.2d 906 (Del. 2002)    18, 25

Williams v. Taylor, 120 S.Ct. 1495 (2000)    22

Wilson v. Vaughn, 304 F.Supp.2d 652 (E.D. Pa. 2004)    20

Wisniewski v. State, 138 A.2d 333 (Del. 1957)    11, 12

Ylst v. Nunnemaker, 501 U.S. 797 (1991)    22

## STATUTES

U.S. Const. Art. I, sec. 10    4

U.S. Const. Art. III, sec. 2    4

U.S. Const. Art. VI, cl. 2    4

U.S. Const. Amend. 5, 6, 14    5, 8, 9, 12, 15, 26

28 U.S.C. 2251 2241 (a)(c)(3)    21

28 U.S.C. 2254    5, 15, 21

Declaration of Rights and Fundamental Rules    9
    of the Delaware State, sec. 11 (1776)

Del. Const. Art. I, sec. 7-9    9

| | |
|---|---|
| 11 Del. C. 222 | 22, 23, 26 |
| 11 Del. C. 271 | 16, 17 |
| 11 Del. C. 274 | 16.-19, 22, 23 26 |
| 11 Del. C. 301 | 19, 22 |
| 11 Del. C. 612 | 5, 23 |
| 11 Del. C. 831 | 16, 23 |
| 11 Del. C. 832 | 15, 19, 23 |
| 11 Del. C. 1447 | 5, 7, 23 |
| 68 Del. Laws c. 378 (1992) | A-14, 7, 23 24, 26 |
| Delaware Criminal Code with Commentary (1973) | A-7 to A-13, 6 10, 11, 16, 19, 24, 26 |
| Blacks Law Dictionary | 8 |

VI.

<u>STATEMENT OF THE CASE</u>

It is alleged that in 1985 the Defendant (Mr. Joseph M. Walls) and his co-defendant (Mr. Efrain Hernandez) were involved in citizen vigilance committee activities, taking direct action against notorious drug dealers in New Castle County, State of Delaware. These vigilance actions consisted of breaking into the buildings of known drug dealers, assaulting the <u>male</u> occupants thereof, and depriving them of their drug profits and poisons.

Relevant to the current case are the alleged citizen vigilance committee actions against a drug syndicate controlled by Jeffrey Pancoast and Dmytro Shevcheko — two notoriously active drug dealers who operated a dangerously violent methamphetamine and marijuana franchise out of their family home in Newport Delaware [both of whom, it was latter determined, were known to and protected by the Newport or New Castle County police departments as "confidential reliable informants"].

On the evening of December 14, 1985, the Pancoast/Shevchenko drug gang was having one of their routine drug parties at their Newport lair. Defendant and Mr. Hernandez waited and watched, from a vehicle parked down the street, as members of the Pancoast/Shevchenko drug gang noisily stumbled out into the public street and departed.

When it appeared that the last of the drug gang's soldiers had left, Defendant and Mr. Hernandez prepared to take action. With great stealth, Defendant and Mr. Hernandez cautiously approached the building, peered through the front window of the Pancoast/Shevchenko drug den and observed that the drug leaders were settled down on a couch in an apparent drug induced stupor, and noticed drugs and drug paraphernalia strewn about the room.

Defendant and Mr. Hernandez burst into the drug den. Defendant possessed a small lightweight red aluminum No. 4 little league baseball bat (A-4,5; A-15). Mr. Hernandez possessed a small handgun (A 1-2; A-15).

Defendant struck Pancoast (A-4) and Shevchenko (A-3,4) while screaming at them about their drug pushing and letting them know that it was no longer safe for the Pancoast/Shevchenko drug syndicate to push their poisonous narcotics upon the otherwise safe family friendly Newport community (A-5). At the same time, Defendant further "humiliated" these "big time drug bosses" by forcing both Boss Pancoast (A-2) and Under Boss Shevchenko (A-2) to empty their pockets (as they had done to so many of their "victims"). In this way the Pancoast/Shevchenko drug syndicate was deprived of their drug revenue and their poisonous narcotics, and the apparant safety of their drug lair.

These are the facts and motivations for attacking the Pancoast/Shevchenko drug syndicate's principles on the evening of December 14, 1985.

As a result of these citizen vigilance committee actions, Defendant was arrested, tried, and ultimately sentenced to a combined 62 years in prison. Defendant's direct appeal (A-23, #54), first postconviction motion (A-23, #58; A-24, #62), appeal thereof (A-25, #73), state writ of habeas corpus (A-267; A-272), and federal writ of habeas corpus were denied (A-248, A-278, A-308).

The federal questions sought to be reviewed were first raised and denied in the second postconviction motion (A-25, #80; A-30), raised and denied on appeal and on reargument/rehearing (A-28; A-29), and on Certiorari (A-316). This is Defendant's petition for writ of habeas corpus from the state court's denial of these federal questions.

2.

# GROUND ONE
## REASON FOR GRANTING THE PETITION

THE DEADLY WEAPON AND
ASSAULT CONVICTIONS FOR
POSSESSING OR USE OF A
COMMON BASEBALL BAT
VIOLATES LEGISLATIVE
INTENT, EX POST FACTO, AND
DUE PROCESS

The standard and scope of review applicable to this argument is:

a) whether State courts are expected to comply with the federal court's interpretations of the federal ex post facto and due process clauses;

b) whether use of a post-trial change in the law, which expanded the definition of a deadly weapon, to criminalize "use" of a baseball bat, violates ex post facto or due process; and

c) whether clearly expressed legislative intent, that a "baseball bat" was not a deadly weapon during the time this crime was committed, exposes a clear ex post facto or due process violation.

Defendant's weapon based convictions for "use" of a baseball "bat", when the Delaware General Assembly specified that a "baseball bat" was not a deadly weapon at the time of

Defendant's crime, violates clear legislative intent, proves actual innocence, and violates both ex post facto and due process.

## A. SUPREMACY CLAUSE VIOLATED

These proceedings involve a question of exceptional importance in that a clear constitutional violation was proven, yet the state courts refused to either consider or comply with this Court's ex post facto or due process decisions.

The United States Constitution clearly specifies that this Court's "judicial Power shall extend to all cases ... under the Constitution", U.S. Const. Art. III, sec. 2, and that :

> This Constitution, ... shall be the Supreme
> Law of the Land; and the Judges in every
> State shall be bound thereby

U.S. Const. Art. VI, cl. 2.  In compliance therewith, courts have recognized the "Supremacy" of this Court's interpretation of the constitution since the funding of the United States.[1] Marbury v. Madison, 1 Cranch 137 (1803) (courts bound by Constitution); Elmendorf v. Taylor, 23 U.S. 152 (1825).

_____

[1] See also Hamilton's Federalist #80 ("third point. Controversies between the nation and its members or citizens can only be properly referred to the national tribunals"), and Federalist #81 (" that there ought to be one court of supreme and final jurisdiction is a proposition which has not been, and is not likely to be contested", " the constitution ought to be the standard of construction for the laws, and that wherever there is an evident opposition, the laws ought to give place to the constitution").

Citizens of these United States have always looked to this Court to require State courts to comply with this Court's interpretation of federal constitutional law, and to enforce uniformity with this Court's precedent.[2] In this case, there is a clear conflict between the States' approval of a retroactive expansion of substantive criminal law to sustain Defendant's "deadly weapon" convictions and this Court's ex post facto and due process precedent. Thus, in the interest of federlism, this Court is asked to resolve this conflict. 28 U.S.C. 2254(a)(d).

## B. EX POST FACTO VIOLATED

The Ex Post Facto Clause prevents state legislatures from retroactively altering the definition of crimes to expand the range of conduct prohibited. U.S. Const. Art. 1, sec. 10; Amend. 5, 6, 14.

### 1. DEADLY WEAPON INDICTMENTS

Defendant was indicted on March 19, 1986 upon several charges for possession or use of a baseball bat, including one count of Possession of a Deadly Weapon During Commission of a Felony (PDW) and two counts of Assault 2nd degree (Assault). 11 Del.C. 612, 1447 (A-3 - A-5).

---

[2] see Federalist #80 ("Second point... the mere necessity of uniformity in the interpretation of the national laws, decides the question."), and Federalist #81 ("the most discerning cannot foresee how far the prevalency of a local spirit may be found to disqualify the local tribunals").

The Indictment specified that the deadly weapon in the charges was a common baseball "bat":

> did knowingly possess a deadly weapon
> during the commission of a felony by
> possessing a bat, a deadly weapon,
> during the commission of Assault Second
> degree....

Indictment, IN86-03-1211, Count VIII (A-4,5); and

> did intentionally cause physical injury
> ... by striking him with a bat, a deadly
> weapon.

Indictment, IN86-03-1208, -1210, Courts VI, VII (A-3,4).

Defendant was tried on October 6, 1986, was convicted and was sentenced to 15 years (for the PDW) and 8 years (4 yrs for each Assault) for a total of 23 years in prison (A-18, #12; A-21, #37).

## 2. POST-TRIAL EXPANSION OF DEADLY WEAPON DEFINITION

At the time Defendant's crime was committed (in 1985), Delaware law defined a "deadly weapon" to mean:

> any weapon from which a shot may be
> discharged, a knife... billy, blackjack,
> bludgeon....

Delaware Criminal Code with Commentary, 1973, p. 24 (A-7) (hereafter "DE Code Commentary").

It was not until July 14, 1992 (six years after the crimes were committed in December 1985) that the Delaware General Assembly expanded the definition of what constituted

6.

a "deadly weapon" by including therein :

> any dangerous instrument ... <u>used</u> to cause
> death or serious physical injury....

68 <u>Del. Laws</u>, c. 378, sec. 2 (A-14)(emphasis added). <u>Johnson v.</u>
<u>State</u>, 711 A.2d 18, 26-28 (Del. 1998)(explaining history of
weapon statute and <u>expansion</u> of deadly weapon definition).

### 3. BASEBALL BAT EXCLUDED

The <u>Synopsis</u> to 68 <u>Del. Laws</u> c. 378 clearly explained that
the July 14, 1992 change in the law was <u>intended</u> to <u>expand</u>
the definition of what is a deadly weapon by including within the
definition instruments of crime that are otherwise considered
common objects. <u>Taylor v. State</u>, 679 A.2d 449, 454 (Del. 1996)
("intended to add to the specific list of deadly weapons", by adding
otherwise "common objects" that maybe used to commit crimes).

The <u>Synopsis</u> explained that :

> In the recent <u>past</u>, a number of brutal
> ... <u>assaults</u> have been committed with <u>common</u>
> <u>objects</u> such as ... <u>baseball</u> <u>bats</u>, ... Because
> of a <u>loophole</u> in our <u>current</u> law, the defendant
> <u>could</u> <u>not</u> be <u>convicted</u> with Possession of
> a Deadly Weapon During the Commission of a
> Felony [ 11 <u>Del. C.</u> 1447 ]

(A-14) (emphasis added).

When the Delaware General Assembly amended the deadly
weapon statute, by materially expanding the definition of a

7.

deadly weapon to specifically include a "baseball bat", rules of statutory construction create a presumption that an enlargement in the meaning of the statute was intended. In making this material change, the Delaware General Assembly's action can neither be assumed to be without significance nor to have committed an oversight or to have acted inadvertently. _DiSabatino V. State_, 808 A.2d 1216, 1227 (Del. Super. 2002) (looking to _Synopsis_ for legislative intent); _Walton V. State_, 821 A.2d 871, 876 (Del. 2003) (courts not legislative body).

By specifying that a "baseball bat" _was_ _not_ previously included _within_ the definition of a deadly weapon _prior_ to July 14, _1992_, the Delaware General Assembly made clear its _intent_ that at the time of Defendant's crime (in _1985_) a baseball "bat" _was_ _not_ a deadly weapon.③

In other words, the Delaware General Assembly made clear its _intent_ that the 1992 amendment _was_ a _substantive_ expansion of the law, that altered the range of conduct the statute punished. Thus, to rely upon the 1992 expansion of the deadly weapon definition to _now_ include a "baseball bat" violates Ex Post Facto. _U.S. Const._ Art. 1, sec. 10; Amend. 5, 14; _Stogner V. California_, 123 S.Ct. 2446, 2449 (2003)(explaining the "fair warning"

---

③ The Delaware General Assembly referred to this as a "loophole" (A-14): a means of evading or escaping liability. see _Black's Law Dictionary_.

prohibition of Ex Post Facto); _Pleasanton V. State_, 817 A.2d 791, 792 (Del. 2003)(Ex Post Facto to apply statute retroactively); _Collins V. Youngblood_, 110 S.Ct. 2715, 2718-20 (1990)(explaining original understanding of Ex Post Facto[4]); _Stogner V. California_, 123 S.Ct. 2446, 2449 (2003)(same); _Carmell V. Texas_, 120 S.Ct. 1620 (2000)(same).

## C. DUE PROCESS VIOLATED

While the Ex Post Facto clause precludes state legislatures from retroactively altering the definition of crimes, state courts are also "barred by the Due Process clause from achieving precisely the same result by judicial construction." _Bouie V. Columbia_, 84 S.Ct. 1697, 1702-03 (1964); _Fiore V. White_, 121 S.Ct. 712, 713-14 (2001) (retroactively applied court decision violates due process); _U.S. Const. Amend. 5, 6, 14._

### 1. "USE TEST" VIOLATION

To deny the postconviction motion, the Delaware Courts relied upon the "use test":

> The Supreme Court of Delaware has held that it is the _use_ of the bat which _qualifies_ it as a deadly weapon and "when a baseball bat is _used_ as a bludgeon ---, a baseball bat _becomes_ a deadly weapon."

---

[4] see _Collins_, 110 S.Ct. at 2720, citing Declaration of Rights and Fundamental Rules of the Delaware State, sec. 11 (1976) [now _Del. Const. Art. 1, sec. 7_].

*Order*, pp. 2-3, n. 10, citing *Anderson* [5] and *Warren* [6] (A-31-A-32).

### a. Neither *Anderson* or *Warren* were Foreseeable Changes

Defendant's crimes were committed in 1985 (A-4-5). The crimes in *Anderson* were committed in 1991 (or six years *after* Defendant's crimes). The crimes in *Warren* were also committed in 1991 (again six years *after* Defendant's crimes).

Defendant was tried in 1986 (A-18). The *Anderson* case was decided in 1992 (or six years *after* Defendant's trial). And, the *Warren* case was decided in 1993 (or seven years *after* Defendant's trial).

Given these facts this Court should recognize that neither *Anderson* or *Warren* were "foreseeable" at the time Defendant's crimes were committed.

### b. DE Legislature Rejected "Use Test"

The *DE Code Commentary* specifies that:

> The definition of "deadly weapon" is more *narrow* than that given in present [7] Delaware law. The present [8] Delaware meaning of that term is more like the meaning given to "dangerous instrument." ... Possession of a *truely* deadly weapon may be treated in such a scheme as a more serious offense than possession of a dangerous instrument.

---

[5] *State v. Anderson*, 1992 WL 353826 (Del. Supr. 1992) (A-34).
[6] *Warren v. State*, 1993 WL 132986 (Del. Supr. 1993) (A-36).
[7] In this case "present" refers to the law *before* the 1973 revision of the Delaware criminal code.
[8] *Id.*

DE Code Commentary (1973), p.26, citing Wisniewski V. State, 138 A.2d 333 (Del. 1957) (A-8). See also Wallace V. Nash, 311 F.3d 140, 144 (2nd Cir. 2002) (explaining that "truely deadly weapon" are "limited to items that have inherent potential use as implements of aggression").

Wisniewski is the source of the "use test":

> In case of doubt the question as to whether or not an instrument constitutes a deadly weapon depends to a large extent upon the manner in which it was used.

138 A.2d at 341-42 (emphasis added).

In other words, prior to the 1973 revision of the entire Delaware Criminal Code (to bring Delaware criminal laws into compliance with the Model Penal Code), the broader Wisniewski "manner in which" a common object "was used" test, to determine when a common object (like a baseball bat) became a deadly weapon, was the controlling standard.

However, by specifically rejecting the Wisniewski test, the DE Code Commentary (1973) makes the Delaware legislature's intent clear: that after the 1973 revision, the inclusive Wisniewski common object "manner of use" test was no longer valid. DE Code Commentary (1973), p.26 ("is more narrow than" Wisniewski) (A-8).

c. "Use Test" Revived Post-Trial
With 1992 Expansion

It was not until the 1992 expansion of the deadly weapon definition that the Delaware legislature added back into the

11.

"deadly weapon" definition the "common object" and "manner of use" test of Wisniewski. Johnson, 711 A.2d at 27 ("the definition of deadly weapon is again expansive"); Taylor, 679 A.2d at 454 (same).

## SUMMARY

Courts have repeatedly cautioned that no court is free to usurp the role of the legislature, as was done by the judicial activist in this case. By re-injecting the "use test" back into the deadly weapon definition, without and contrary to legislative action or intent, the State courts violated fundamental principles of statutory construction. State V. Dickerson, 298 A.2d 761, 767-69 (Del. 1972)(courts can not expand legislative intent); State V. Spence, 367 A.2d 983, 990 (Del. 1976)(same); Fidelity Deposit V. Dept. Admin. Serv., 830 A.2d 1224, 1228-29 (Del. Ch. 2003)(court may not engraft upon a statute language clearly excluded therefrom). But, that is exactly what the state court did in this case. Order, p. 2 (A-31) ("manner in which you used", "use of the bat", "used as a bludgeon")(emphasis added).

By applying the unreported Anderson and Warren decisions to Defendant's crimes the Delaware courts applied an unforeseeable interpretation of the law, to a crime that occurred over six years before those opinions were made, in a manner that disadvantaged Defendant in violation of Defendants' Due Process rights. U.S. Const. Amend. 5, 14; Bowie, 84 S.Ct. at

12.

1702-03 (non-retroactivity principle); _State v. LeCompte_, 538 A.2d 1102 (Del. 1988)(same); _Fiore_, 121 S.Ct. at 714 (due process violation); _Dickerson_, 298 A.2d at 767-69 (same).

## GROUND TWO
## REASON FOR GRANTING THE PETITION

### THE ROBBERY FIRST DEGREE CONVICTIONS, FOR DISPLAYING A HANDGUN, VIOLATES CLEAR LEGISLATIVE INTENT AND DUE PROCESS

The standard and scope of review applicable to this argument is :

a) whether state courts are expected to comply with federal court interpretations of federal due process rights; and

b) whether clearly expressed legislative intent, that criminal liability must be limited to the aggravating facts and degree of crime Defendant is personally accountable for, prove actual innocence and violation of due process.

Defendant's convictions for the co-defendant's display of a handgun, resulting in enhanced sentencing for aggravated robbery, violates Delaware's limited liability statute, violates clear legislative intent, proves actual innocence on the aggravating element, and violates due process.

### A. SUPREMACY CLAUSE VIOLATED

Defendant incorporates by reference herein, Ground One, part A, pp. 4-5 and notes 1-2, supra.

14.

In this case, there is a clear conflict between the State's approval of a verdict and sentence based upon insufficient evidence (i.e., no personal "accountability" or display of the "handgun") and the federal courts' due process insufficient evidence precedent. Thus, in the interest of federalism, this Court is asked to resolve this conflict. 28 U.S.C. 2254(a)(d).

## B. DUE PROCESS VIOLATED

The due process clause prevents the conviction and sentence of an innocent man when the state fails to prove all the elements of the crimes charged. U.S. Const. Amend. 5, 6, 14.

### 1. ROBBERY INDICTMENT

Defendant was indicted on March 19, 1986 upon several charges which included two counts of Robbery First degree in violation of 11 Del.C. 832. The Indictment specified that the two Robbery charges depended upon the accomplice's actions:

> when in the course of the commission of the crime, Efrain Hernandez displayed what appeared to be a deadly weapon, to wit: a handgun.

Indictment, IN86-03-1205, -1206, Counts 2, 3 (A-1-2).

Defendant was tried on October 6, 1986, was convicted, and was sentenced to 10 years on each Robbery (for a total of 20 years in prison) (A-12, A-21).

15.

## 2. LIABILITY LIMITS

Under Delaware statutory law, a person is guilty of an offense committed by another person. 11 Del.C. 271. However, there are limits placed upon the extent of this liability. Specifically, 11 Del.C. 274, which states:

> When, pursuant to sec. 271 of this title, 2 or more persons are criminally liable for an offense which is divided into degrees, each person is guilty of an offense of such degree as is compatible ... with his own accountability for an aggravating fact or circumstances.

11 Del.C. 274 (A-10)(emphasis added).

The DE Code Commentary makes the legislative intent clear:

> This section ... [requires] imposition of a deserved penalty no matter what penalty the other parties received. It allows one party to be convicted of first-degree [robbery], for example, when the other's [accountability for the aggravating fact] makes him guilty only of second-degree [robbery] ... The proper test is the actor's personal [accountability].

DE Code Commentary (1973), pp. 52-53 (A-10).

## 3. ONLY ROBBERY SECOND PROVEN

The Indictment charged Defendant with committing Robbery. Robbery is "divided into degrees" by statute. The difference between Robbery Second degree and Robbery First degree is that Robbery First degree requires the additional "aggravating" element of a weapon. Compare 11 Del.C. 831 with 11 Del.C. 832 (2). (A-11, 13).

16.

Cf. _Davis V. State_, 400 A.2d 292, 296 (Del. 1979) ("robbery is _presumed_ to be in the _second_ degree").

The _Indictment_ _specified_ that the weapon involved in this crime was a "handgun" and _specified_ that _only_ the _accomplice_ displayed that "handgun". _Indictment_, Counts 2, 3 (A-1, 2; specifying the accomplice's name as "Efrain Hernandez"). The State's _trial theory_ was that Defendant's liability was _based upon_ the display of a "handgun" by the _accomplice_. The _trial_ _evidence_ clearly supports the fact that _only_ the _accomplice_ displayed the "handgun" (A-15). Thus, the Indictment, the State's trial theory, and the trial evidence all support _only_ one conclusion — that Defendant _was not_ in possession of and _did not_ display the "handgun" during the commission of the robberies.

a. Sec. 274 Two Pronged Test

The State Court refused to consider the Due Process mandate to consider that "sections 271 and 274 require [a] two-part analysis when the State proceeds on a theory of accomplice liability." First, "whether the State has established that the defendant was an accomplice", and, second, "if that offense is divided into degrees, then ... what degree of the offense the defendant committed." _Johnson_, 711 A.2d at 30. _Order_, pp. 3-4 (A-32, 33).

(i) First Prong "Accomplice" Conceded

The State Court failed to consider that the state conceded before the Courts that Defendant's Robbery convictions were

17.

predicated upon accomplice liability.⁹  Thus, sec. 274's _first_ prong
is not an issue.

   (ii) Second Prong "degree" test

   The State Courts also failed to consider that sec. 274's _second_
prong is further divided: (a) is the "offense divided into
degrees", and (b) what degree of the offense the defendant
committed. _Johnson_, 711 A.2d at 30.

      (a) Robbery is Divided into Degrees

   The State Courts failed to consider that Delaware has long
recognized that "Robbery is an offense that is divided into degrees."
_Davis_, 400 A.2d at 296; _Herring V. State_, 805 A.2d 872, 874 (Del. 2002).

      (b) Only Robbery Second Degree Proven

   The State Courts failed to consider the mandate that determining
what degree of crime Defendant committed required an "_individualized_
determination of the defendants' mental state _and_ ¹⁰ culpability for
any _aggravating_ fact or circumstances." _Johnson_, 711 A.2d at 30.

   The State Courts failed to consider that it was this _second_
stage of the sec. 274 second prong analysis that the State
failed to prove at trial. Specifically, the state _did not_ and
_could_ _not_ prove that Defendant was "accountable" for the

---

   ⑨ Failure to brief (or respond) conceeds issue.
   ⑩ see _State V. Klosowski_, 310 A.2d 656, 657 (Del. Super.
1973) ("In its commonly accepted meaning 'and' is a connective,
and is not generally used to express an alternative");
_Williams V. State_, 818 A.2d 906, 912 (Del. 2002) (same).

"handgun" that "aggravated" the crime of Robbery _Second_ degree to Robbery First degree as alleged in the Indictment and at Trial.

## SUMMARY

The State Courts refused to consider that the Due Process Clause forbids a state from convicting a person for a crime without proving all the elements of the crime; that this is a _core fundamental_ constitutional right. _In re Winship_, 397 U.S. 358, 364.  Due process was violated in this case when Defendant was convicted for being "armed with a deadly weapon" under 11 _Del.C._ 832(2) [(A-1, A-2: the "handgun")] without the State proving that Defendant was "armed" with the "handgun". _Fiore v. White_, 121 S.Ct. 712, 714 (2001) (due process).

In this case, the State did not _limit_ Defendant's liability. Since the evidence proves that Defendant _was_ _not_ "accountable" for the "aggravating fact" (the "handgun") which _elevated_ Robbery _Second_ degree to Robbery _First_ degree, pursuant to 11 _Del.C._ 274 and Due Process, Defendant can be held liable for _only_ Robbery _Second_ degree; which more accurately reflects the extent of Defendant's " _own_ accountability for [the] aggravating fact." _DE Code Commentary_ (1973), pp. 52-53 (A-10); _Jackson v. Virginia_, 99 S.Ct. 2781 (1979) (Due Process); _In re Winship_, 397 U.S. 358 (1970) (elements test); 11 _Del.C._ 301(6). Compare _Sawyer v. Whitley_, 112 S.Ct. 2514, 2520-22 (1992) (discussing "proof or disproof of aggravating circumstances" to limit liability).

## CONCLUSION

Actual innocence is a default provision that permits a petitioner to seek relief if he was otherwise procedurally barred under habeas law. Such a waiver is available in this case because of the constitutional violation that resulted from the convictions which were had upon crimes that were not proven at trial. Dretke v. Haley, 124 S.Ct. 1847, 1854 (2004) (factual innocence and imposition of an unauthorized sentence is miscarriage of justice), citing Thompson v. Louisville, 80 S.Ct. 624, 629 (1960), Jackson, 99 S.Ct. 2781, and Wainwright v. Sykes, 92 S.Ct. 2497 (1977); Schlup v. Delo, 513 U.S. 298, 316, 327-28 (1995) (actual innocence "freestanding" claim, "gateway" claim, or "innocence of" aggravating factor claim excuses default), at 323 ("no reasonable juror would have found" guilt test); Herrera v. Collins, 506 U.S. 390 (1993) (White, J., concurring) at 429 ("no rational trier of fact could [find] proof of guilt beyond a reasonable doubt" proves actual innocence), citing Jackson, 443 U.S. at 316, 324 ("no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof [on] ... the existence of the elements of the offense"); Wilson v. Vaughn, 304 F.Supp.2d 652, 656 (E.D. Pa. 2004) (Third Circuit recognizes that petitioners may rely upon either existing record or new evidence, in actual innocence claims).

Defendant recognizes that it is not the province of federal habeas courts to re-examine a state court determination on

20.

purely state law questions; that in conducting habeas review, federal courts are limited to deciding whether a conviction has violated the constitution of the United States. 28 U.S.C. 2241, 2254; Estelle V. McGuire, 112 S.Ct. 475 (1991). However, in doing so, this Court must scrutinize the definitions and constructions of the applicable criminal acts to determine if federal constitutional violations have resulted: for the Courts have cautioned, since Mullaney, that a state must not be allowed to "manipulate its way out of Winship." Jones V. U.S., 526 U.S. 227, 240 (1999); Mullaney V. Wilbur, 421 U.S. 684, 691 n.11 (1975) (cautioning that a state court interpretation of state law can be re-examined when it "appears to be an obvious subterfuge to evade consideration of a federal issue"); Bouie, 378 U.S. at 354 (heart of Bouie analysis is "scrutiny" of the "definition and construction" of state criminal act).

Defendant raised both Ground One and Ground Two before the state courts in his postconviction motion and in the appeal thereof. In doing so, Defendant specifically claimed violations of the U.S. Constitution Due Process and Ex Post Facto clauses and federal court interpretations of these U.S. Constitution clauses (A-30). However, when denying Defendants claims, the state courts refused to assess the merits of these U.S. Constitution claims for relief (A-31-33; A-28; A-29). Under habeas law, this court must defer to the state courts' determination of the

21.

federal issues unless those determinations are contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. 2254(d)(1). <u>Lockyer v. Andrade</u>, 123 S. Ct. 1166 (2003). In reviewing a state courts' summary denial of the state appeals, this court must "look through" the summary dispositions (A-28, A-29) to the last reasoned decision (A-30). <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-04 (1991). Where, as here, the state courts did not assess the merits of the federal claims, the deference due under habeas law does not apply. <u>Everett v. Beard</u>, 290 F.3d 500, 508 (3rd Cir. 2002), citing <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000)(O'Connor, J., concurring); <u>Mapler v. Stegall</u>, 340 F.3d 433, 436 (6th Cir. 2003). Therefore, this Court may, first, look to see how the state has defined the applicable criminal statutes; second, determine what limits are placed upon their applicability; and, third, determine whether the convictions conform with constitutional mandates.

The Grounds for relief raised herein prove that the state courts refused to even consider that when the state fails its burden of proof on any element, the Defendant must be acquitted. In this case, the state failed its "burden of production" as required by 11 <u>Del. C.</u> 301(a) and Due Process; and the "beyond a reasonable doubt" required by 11 <u>Del. C.</u> 301(b) and Due Process, as expanded by 11 <u>Del. C.</u> 222(5), 274 (1985). Specifically, sec 222(5) required the state to prove that

the "common object" (the "baseball bat") that Defendant possessed (11 Del.C. 1447) or used (11 Del.C. 612) was within the definition of a deadly weapon (A-3-5); and, sec. 274 required the state to prove Defendant's "individualized" "accountability" for the "handgun" (the "aggravating fact or circumstances") that enhanced Robbery Second degree [11 Del.C. 831(2)] to Robbery First degree [11 Del.C. 832(2)] (A-1, A-2). Because these Winship violations undermined the legality, integrity and fairness of the proceedings leading to the conviction, and because it strikes at the core of a fair trial, the consequences of such a constitutional violation can and should be examined carefully by this Court. Sawyer, 112 S.Ct. at 2520-22 (under Due Process states "adopted various narrowing factors", thus courts must consider whether "aggravating circumstances" exist to justify convictions; "proof or disproof of aggravating circumstances" as required by Due Process is "confined by the statutory definitions").

In addition, the years of litigation defining what is a "deadly weapon" [11 Del.C. 222(5) of 1985], proves that the definition was so unclear (or too broad) at the time of Defendant's crime, that a "baseball bat" may be interpreted as either in or out of the "deadly weapon" category.[11] When faced with such ambiguity on a facet as critical as an element

[11] The Synopsis to 68 Del. Laws c. 378 recognized this ambiguity (A-14).

23.

of a crime, the courts may rule that such a statute is void for vagueness or the courts may add a clarifying gloss [12] to the statute and apply it _prospectively_ _only_. But it would still violate Due Process for a court to apply that added and unforeseen precision retroactively, as the ~~state~~ courts did in this case. _Lanzetta v. New Jersey_, 59 S.Ct. 618, 620-21 (1939); _Marks v. U.S._, 97 S.Ct. 990, 994 (1977); _U.S. v. Lanier_, 117 S.Ct. 1219, 1225 (1997) (men of "common intelligence" "guess at meaning"); _LeCompte_, 538 A.2d at 1103 ("not forseeable", "unique circumstances").

Due Process is violated whenever a conviction is based upon conduct that a statute, properly interpreted, does _not_ prohibit. Under the Delaware General Assembly's specifically articulated intent [13], Defendant could not have been guilty of the crimes for which he was convicted. When the General Assembly explained the language of the statutes, [14] the General Assembly revealed the "simple, inevitable conclusion" that Defendant's convictions violated Due Process or Ex Post Facto. _Buckley v. Florida_,

---

(12) see _Anderson_ and cases cited therein for twisted "loops" the state courts have had to "jump through" to clarify what _was_ or what _was_ _not_ a "deadly weapon" (A-35).

(13) see _Synopsis_ to 68 _Del.Laws._ c. 378 (A-14) ("common objects", "baseball bats", "loophole", "could not be convicted"); and _DE Code Commentary_ (1973), p. 26 ("definition of 'deadly weapon' is _more_ _narrow_", "Possession of a _truely_ _deadly_ weapon ... more serious than possession of a dangerous instrument") and pp. 52-53 (", imposition of a deserved penalty no matter what penalty the other parties received", "allows one party to be convicted of _first_ - degree ... when the other's ... [actions] makes him guilty _only_ of second - degree").

(14) _Id._                    24.

123 S.Ct. 2020, 2022 (2003), citing _Fiore_, 121 S.Ct. at 714, _Jackson_, 99 S.Ct. 2781, and _In re Winship_, 90 S.Ct. 1068.

Courts have repeatedly recognized the need to correct decisions of the Courts when their analysis was "incomplete", "too restricted" or "mistaken". (15)    Since the analysis of Defendant's claims for relief in the state courts' decisions was "incomplete", "too restricted" or "mistaken", this Court may approach these claims for relief as if this were a clean slate, and grant the relief requested. see also _Engle v. Isaac_, 102 S.Ct. 1558, 1575-76 (1982) ( to protect against fundamental miscarriages of justice procedural bars must yield to the imperative of correcting a fundamentally unjust incarceration); _Buckley_, 123 S.Ct. at 2022, footnote * (same).

Given the "subsequent legal developments" in the Court's 2003 decision of _Buckley_, it is clear that Defendant's "deadly weapon" based Weapon (A-4-5, Count 8) and Assaults (A-3-4, Counts 6,7) convictions; and two "handgun" based Robbery First degree (A-1-2, Counts 2,3) convictions, violates clear legislative intent, Delaware statutory law, and either the Ex Post Facto or Due Process clauses.

---

(15) _LeCompte v. State_, 516 A.2d 898, 904 (Del. 1986) ("the analysis ... was incomplete"); _Williams v. State_, 818 A.2d 906, 913 (Del. 2002) (analysis too restricted); _Hamilton v. State_, 831 A.2d 881, 887 (Del. 2003) ("mistaken").

25.

68 _Del. Laws_ c. 378 ; _DE Code Commentary_ (1973), pp. 26, 52-53 ; 11 _Del. C._ 222(5), 274 (1985) ; _U.S. Const._ Art. 1, sec. 10, Amend. 5, 6, 14 ; _Buckley_, 123 S.Ct. at 2021-23 (subsequent deadly weapon change in definition [11 _Del. C._ 222(5)] exposes existing Ex Post Facto and Due Process violations ; and, liability limits [11 _Del. C._ 274] means that at time of crime, defendant was convicted of a crime — armed [Robbery] — for which he was not guilty, exposing existing Due Process violations).

For these reasons, Defendant requests that the writ of habeas corpus issue to vacate the Weapon and two Assault convictions and sentences ; and reduce the two Robber First degree convictions to Robbery Second degree with remand to the state court for resentencing.

Date: August 5, 2005.

Respectfully submitted,

Joseph M. Walls

XC: Delaware Innocent Project

<u>AFFIDAVIT OF DEFENDANT</u>

Petitioner, Joseph M. Walls, does hereby swear, under the penalty of perjury, upon my personal knowledge, that all statement contained herein are true and accurate, and that copies of this petition for writ of habeas corpus was served upon the parties listed below, by placing same in the prison mail box, to be delivered by first class mail, on the date below:

1.   Clerk
     U.S. District Court
     District of Delaware
     Federal Building
     844 King Street
     Wilmington, DE 19801

2.   Hon. M. Jane Brady
     Attorney General
     State of Delaware
     820 N. French Street
     Wilmington, DE 19801

Sworn to and Signed this 5th day of August, 2005.

                    Joseph M. Walls, A.A.S.
                    DCC # 107897  Bldg. S-1
                    Delaware Correctional Center
                    1181 Padlock Road
                    Smyrna, DE  19977

XC: Delaware Innocent Project

27.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                    :

     v.                              : INDICTMENT BY THE GRAND JURY

JOSEPH M. WALLS                      :
EFRAIN HERNANDEZ                     :

COUNT I.  A FELONY          N86-03-1204
                           N86-03-1218

    BURGLARY FIRST DEGREE in violation of Title 11, Section

826 of the Delaware Code of 1974, as amended.

    JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the

14th day of December, 1985, in the County of New Castle,

State of Delaware, did, at night, knowingly and unlawfully

enter a dwelling located at 104 South Marshall Street,

Newport, Delaware, with the intent to commit the crime of

robbery therein, and when in said dwelling JOSEPH M. WALLS

did cause physical injury to Jeffrey Pancoast, a victim, by

striking him with a bat.

COUNT II. A FELONY      N86-03-1205
                       N86-03-1219
    ROBBERY FIRST DEGREE in violation of Title 11, Section

832 of the Delaware Code of 1974, as amended.

    JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the

A-1

14th day of December, 1985, in the County of New Castle,
State of Delaware, when in the course of committing theft,
did threaten the immediate use of force upon Jeffrey Pancoast
with intent to compel the said Jeffrey Pancoast to deliver up
property consisting of United States currency and when in the
course of the commission of the crime, **EFRAIN HERNANDEZ**
**displayed** what appeared to be a deadly weapon, to wit: a
**handgun.**

N86-03-1206
N86-03-1220

### COUNT III. A FELONY

ROBBERY FIRST DEGREE in violation of Title 11, Section
832 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the
14th day of December, 1985, in the County of New Castle,
State of Delaware, when in the course of committing theft,
did threaten the immediate use of force upon Dmytro
Shevchenko with intent to compel the said Dmytro Shevchenko
to deliver up property consisting of United States currency
and when in the course of the commission of the crime, **EFRAIN**
**HERNANDEZ displayed** what appeared to be a deadly weapon, to
wit: a **handgun.**

A-2

N86-03-1207
## COUNT IV. A FELONY
N86-03-1221

KIDNAPPING SECOND DEGREE in violation of Title 11, Section 783(3) of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did unlawfully restrain Anna Pancoast to facilitate the commission of the felony offense of Robbery First Degree.

N86-03-1209
## COUNT V. A FELONY
N86-03-1222

KIDNAPPING SECOND DEGREE in violation of Title 11, Section 783(3) of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did unlawfully restrain Justin Pancoast to facilitate the commission of the felony offense of Robbery First Degree.

N86-03-1208
## COUNT VI.  A FELONY
N86-03-1223

ASSAULT SECOND DEGREE in violation of Title 11, Section 612 of the Delaware Code of 1974, as amended.

A-3

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did intentionally cause physical injury to Dmytro Shevchenko by striking him with a bat, a deadly weapon.

COUNT VII.  A FELONY

N86-03-1210
N86-03-1224

ASSAULT SECOND DEGREE in violation of Title 11, Section 612 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did intentionally cause physical injury to Jeffrey Pancoast by striking him with a bat, a deadly weapon.

COUNT VIII.  A FELONY

N86-03-1211
N86-03-1225

POSSESSION OF A DEADLY WEAPON DURING THE COMMISSION OF A FELONY in violation of Title 11, Section 1447 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the 14th day of December, 1985, in the County of New Castle, State of Delaware, did knowingly possess a deadly weapon

A-4

during the commission of a felony by possessing a bat, a
deadly weapon, during the commission of Assault Second
Degree, as set forth in Counts VI and VII of this
Indictment, which is incorporated herein by reference.

<u>COUNT IX. A MISDEMEANOR</u>    N86-03-1212

TERRORISTIC THREATENING in violation of Title 11,
Section 621 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS, on or about the 14th day of December,
1985, in the County of New Castle, State of Delaware, did
threaten Anna Pancoast with serious injury by telling her
that he would shoot her through the window.

<u>COUNT X.   A FELONY</u>    N86-03-1213
N86-03-1226

CONSPIRACY SECOND DEGREE in violation of Title 11,
Section 512 of the Delaware Code of 1974, as amended.

JOSEPH M. WALLS and EFRAIN HERNANDEZ, on or about the
14th day of December, 1985, in the County of New Castle,
State of Delaware, when intending to promote the commission
of a felony, did agree with each other to engage in conduct
constituting the felony of Robbery First Degree, and did

A-5

commit an overt act in furtherance of the conspiracy by
committing Robbery First Degree as set forth in Counts II
and III of this Indictment, which is incorporated herein by
reference.

                                   A TRUE BILL


                        _____
                                   (FOREMAN)



*Charles M. Obery. III*
ATTORNEY GENERAL


*Steven J. Belick*
DEPUTY ATTORNEY GENERAL


A-6