§ 222    DELAWARE CRIMINAL CODE

§ 222. General definitions.

When used in this Criminal Code:

(1) "Building", in addition to its ordinary meaning, includes any structure, vehicle or watercraft. Where a building consists of two or more units separately secured or occupied, each unit shall be deemed a separate building.

(2) "Controlled substance" or "counterfeit substance" shall have the same meaning as used in Chapter 47, Title 16, Delaware Code.

(3) "Conviction" means a verdict of guilty by the trier of fact, whether judge or jury, or a plea of guilty or a plea of nolo contendere accepted by the Court.

(4) "Dangerous instrument" means any instrument, article, or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury.

(5) "Deadly weapon" includes any weapon from which a shot may be discharged, a knife of any sort (other than an ordinary pocketknife carried in a closed position), switchblade knife, billy, blackjack, bludgeon, metal knuckles, slingshot, razor, bicycle chain or ice pick.

(6) "Defraud" means to acquire a gain or advantage by fraud.

(7) "Drug" means any substance or preparation capable of producing any alteration of the physical, mental, or emotional condition of a person.

(8) "Female" means a person of the female sex.

(9) "Fraud" means an intentional perversion, misrepresentation, or concealment of truth.

(10) "Law" includes statutes and ordinances. Unless the context otherwise clearly requires, "law" also includes settled principles of the common law of Delaware governing areas other than substantive criminal law.

24

---

GENERAL PROVISIONS CONCERNING OFFENSES    § 222

(11) "Law enforcement officer" includes police officers, the Attorney General and his deputies, sheriffs and their regular deputies, prison guards, and constables.

(12) "Lawful" means in accordance with law or, where the context so requires, not prohibited by law.

(13) "Male" means a person of the male sex.

(14) "Mental defect" means any condition of the brain or nervous system recognized as defective, as compared with an average or normal condition, by a substantial part of the medical profession.

(15) "Mental illness" means any condition of the brain or nervous system recognized as a mental disease by a substantial part of the medical profession.

(16) "Narcotic drug" shall have the same definition as contained in the Definitions Section of Chapter 47, Title 16 of the Delaware Code.

(17) "Person" means a human being who has been born and is alive, and, where appropriate, a public or private corporation, an unincorporated association, a partnership, a government, or a governmental instrumentality.

(18) "Physical force" means any application of force upon or toward the body of another person.

(19) "Physical injury" means impairment of physical condition or substantial pain.

(20) "Serious physical injury" means physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ.

(21) "Therapeutic abortion" means an abortion performed pursuant to the provisions of Title 24, Delaware Code, Chapter 17, Subchapter VIII.

(22) "Unlawful" means contrary to law, or where the context contrary to law.

25

A-7

*Definition for*
*Dangerous Instrument*

§ 222          DELAWARE CRIMINAL CODE

text so requires, not permitted by law. It does not mean wrongful or immoral.

(23) "Vehicle" includes any means in or by which something is carried or conveyed; a means of conveyance or transport, whether or not propelled by its own power.

COMMENTARY ON § 222

This section contains definitions which are generally used throughout this Criminal Code. Words having a meaning limited to a particular part of the Code are defined in that part. However, for easier reference, Appendix F contains a list of all definitions given in the Code with the section numbers where those words are defined. Words so defined are occasionally used in other parts of the Code, and if they are not otherwise defined there, the meaning so given may be a helpful indication of the appropriate definition.

Each section of the Code is followed, where necessary, by a list of cross-references, pointing to definitions which do not appear in this general definition section. Words appearing here are not otherwise cross-referenced.

The definitions are largely self-explanatory or are explained where they are relevant throughout the Code. Two, however, require a comment. The definition of "deadly weapon" is **more narrow** than that given in present Delaware law.[1] The present Delaware meaning of that term is more like the meaning given to "dangerous instrument". The reason for this change is to provide the means of breaking down several of the crimes which previously had only one degree. Possession of a **truly deadly weapon** may be treated in such a scheme as a more serious offense than possession of a dangerous instrument. The definition of "law," "lawful," and "unlawful" are innovations. The last two words are often used in criminal legislation, and sometimes receive unpleasantly broad definitions. The words are seldom used, in any event, because of

---

1. See Wisniewski v. State, 1 Storey (51 Del.) 84, 138 A.2d 333 (Sup. Ct. 1957).

26

A-8

the specific principles on justification as a defense which are given in §§ 461-70.

The definition of "drug" is broader than that appearing in Title 16, which defines drug offenses, because the word is used in this Criminal Code to define certain conditions which may exculpate a defendant for criminal guilt or may otherwise affect his liability.

### §223. Words of gender or number.

Unless the context otherwise requires, words denoting the singular number may, and where necessary shall, be construed as denoting the plural number, and words denoting the plural number may, and where necessary shall, be construed as denoting the singular number, and words denoting the masculine gender may, and where necessary shall, be construed as denoting the feminine gender or the neuter gender.

### §224. Valuation of property.

Whenever the value of property is determinative of the degree of an accused's criminal guilt or otherwise relevant in a criminal prosecution, it shall be ascertained as follows:

(1) Except as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if that cannot be satisfactorily ascertained, the cost of replacing the property within a reasonable time after the crime.

(2) Whether or not they have been issued or delivered, certain written instruments, not including those having a readily ascertainable market value, shall be ascertained as follows:

(a) The value of an instrument constituting an evidence of debt, such as a check, draft, or promissory note, shall be deemed the amount due or collectible thereon or thereby, that figure ordinarily being the face amount of the indebtedness less any portion thereof which has been satisfied.

27

A-9

§ 274    DELAWARE CRIMINAL CODE

who readily assists a male who is guilty of sexual misconduct should not be held guilty as an accomplice. There is no legislative purpose to punish her. Rather, the purpose is to protect her from the effects of her immature consent. Subsection (2) excludes from liability a person whose conduct is inevitably incident to commission of the offense. Thus a female who submits to an unlawful abortion would not be guilty of the abortionist's crime. Subsection (3) excludes from liability one who terminates his complicity prior to commission of the offense and totally deprives his complicity of its effectiveness, notifies the Attorney General or the police, or otherwise stops the commission of the offense. This is similar to the provision on renunciation in § 541. It seems proper to excuse a man who has had a change of heart in time, and who has taken action to eradicate his criminality. He may, for example, deprive his complicity of its effectiveness by taking back a weapon which he has supplied to an intending killer, or, if he has counseled commission of the offense, he may urge reconsideration and abandonment of it. He should be guiltless if his second thoughts came in time to permit the other parties to cease their activity if they wish to do so.

§274. Punishment; convictions for different degrees of offense.

When, pursuant to Section 271 of this Criminal Code, two or more persons are criminally liable for an offense which is divided into degrees, each person is guilty of an offense of such degree as is compatible with his own culpable mental state and with his own accountability for an aggravating fact or circumstance.

CROSS-REFERENCE

definitions relating to state of mind § 231

COMMENTARY ON § 274

This section is consistent with § 272 in permitting imposition of a deserved penalty no matter what penalty the other parties received. It allows one party to be convicted of

52

GENERAL PROVISIONS CONCERNING OFFENSES    § 281

first-degree murder, for example, when the other's mental culpability makes him guilty only of second-degree murder. The former Delaware law would appear to work one way only, permitting a lesser punishment for accomplice than for principal. But there is no logic supporting this position. The proper test is the actor's personal mental culpability.

§275. Parties to offenses; indictment.

(1) A person indicted for committing an offense may be convicted as an accomplice to another person guilty of committing the offense.

(2) A person indicted as an accomplice to an offense committed by another person may be convicted as a principal.

COMMENTARY ON § 275

Out of an abundance of caution this section declares that indictment as a principal is no bar to conviction as an accomplice, nor is indictment as an accomplice a bar to conviction as a principal. This is consonant with the former Delaware law as expressed in *Johnson v. State.*[1] The indictment should be tested to see whether it sufficiently informs the accused of the acts which he is alleged to have committed and their criminal significance. Other technicalities have no importance in the indictment. It is illogical to allow someone a defense when he says, "No, I did not help X to murder my wife; I did it and X helped me; therefore I am not guilty." If the accused cannot raise that as a defense he should not be allowed to argue that the indictment is inadequate.

§281. Criminal liability of corporations.

A corporation is guilty of an offense when:

(1) The conduct constituting the offense consists of an omission to discharge a specific duty of affirmative performance imposed on corporations by law; or

1. 215 A.2d 247 (Del. Sup. Ct. 1966).

53

§ 831     DELAWARE CRIMINAL CODE

law looked.[28] If entry at night is an element of the offense, the State will have to prove that it took place later than 30 minutes after sunset and earlier than 30 minutes before sunrise. The times of sunrise and sunset are readily available from official sources.

Subsection (4) is an important innovation. It discards the archaic concept of "breaking". If, for example, he remains in a store after it has closed, his act is sufficient, even though he leaves without breaking out. It will be impossible under subsection (4) to commit burglary in a store which is open to the public, or to commit criminal trespass at the time open to the public, or to commit criminal trespass in a field which appears at the time to be open for the purposes of hunting, fishing, hiking, or camping. In the circumstances just described, no crime is committed until after the owner or the premises or another authorized person communicate to the defendant a lawful order not to enter or remain. Even a building open to the public may have areas which are not so open, in which case a burglary may be committed therein.

## Subpart C

### Robbery

**§831. Robbery in the second degree.**

A person is guilty of robbery in the second degree when, in the course of committing theft, he uses or threatens the immediate use of force upon another person with intent to:

(1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or

(2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

Robbery in the second degree is a class D felony.

CROSS-REFERENCES

intentionally § 231(1)
proof of intent § 307
theft § 841

256

28. See Kenny, Outlines of Criminal Law 248 (Turner ed. 19 ).

---

SPECIFIC OFFENSES     § 831

## COMMENTARY ON § 831

*Former Delaware Law*

At common law, robbery was the "taking of money or goods of any value from the person of another, or in his presence, against his will, by violence, or putting him in fear."[1] The gravamen of the offense is the force or fear rather than the taking itself, which would only be theft; but a taking is required. This may be actual or "constructive," as when by immediate fear the actor causes another to get him the goods.[2] Intention to take possession by force or fear is necessary.[3]

The former Delaware statute codified the common law. It required a taking by violence or putting in fear of something, no matter what the value, from the person of another.[4] It was a necessary part of the State's case to prove that the taking was brought about by violence or fear, though the mere threat was immaterial.[5] It was not necessary that the things taken be in the actual possession of the person put in fear, so long as they were under his control. Thus in one case robbery was committed when the victim was tied in the bathroom and things were taken from a bedroom of his house.[6]

In addition to robbery, there was also the offense of assault with intent to commit robbery.[7] This required proof of an intention to rob, as well as proof of the elements of assault.[8]

*The Code Provision*

Robbery is viewed in § 831 as a use of force to facilitate theft and not, as it was formerly viewed, as a forcible taking from the person. Robbery is thus forcible theft, and is committed whenever physical force is used, or its use is immediately threatened, to overcome resistance to theft or to compel another person to deliver up property or otherwise facilitate

257

1. 1 Russell, Crimes § 861 (Turner ed. 1964).
2. Ibid.
3. 11 Del. Code § 811 (Repealed).
4. State v. Lapinta, 7 Boyce (30 Del.) 260, 105 Atl. 676 (1918).
5. State v. Campbell, 2 Terry (41 Del.) 342, 22 A.2d 390 (1941).
6. 11 Del. Code § 812 (Repealed).
7. State v. Lyons, 7 W.W. Harr. (37 Del.) 423, 181 Atl. 488 (1936).

A-11

§ 832    DELAWARE CRIMINAL CODE

theft. While the section does not require a taking from the person or from the presence of a person, a causal connection between the use or threat of force and the theft is necessary. Note that the old requirement that the victim be put in fear is abandoned. This is reported to have raised difficulties in prosecuting some cases. Indeed, it is hard to see why a robbery guilt should depend on the personal bravery of his victim. The force used or threatened must be immediate; a threat of later harm is insufficient. The actor's intent to prevent or overcome resistance to theft or to compel a person to deliver up the property or otherwise facilitate theft must be proved as part of the State's case.

It seems desirable to treat the robber more seriously than the stealthy thief because the former is not deterred by the presence of his victim or by sanctions against injuring or threatening his victim. He is thus more dangerous and more upsetting than the sneak thief or the embezzler. Once a threat has been made as required by the section, no danger seems to be added by a taking from the person, though if injury is thereby caused, the assault provisions of this Criminal Code and § 832 are available.

The crime of assault with intent to rob is superfluous in light of the penalties this Code has imposed upon assault and this Code's redefinition of attempt.[8]

§832. Robbery in the first degree.

A person is guilty of robbery in the first degree when he commits the crime of robbery in the second degree and when in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime:

(1) Causes physical injury to any person who is not a participant in the crime; or

(2) Is armed with a deadly weapon; or

(3) Is armed with and uses or threatens the use of a dangerous instrument.

_____
8. For a further discussion of this point, see Commentary on §§ 1

258

§ 832    SPECIFIC OFFENSES    § 832

Robbery in the first degree is a class B felony.

Notwithstanding the provisions of § 4205(h) and § 4214 of this Title, a person convicted a second or subsequent time for robbery in the first degree shall be sentenced to a term of imprisonment for not less than ten nor more than thirty years and the Court shall not suspend the sentence of such person, nor fire such person a probationary sentence, nor shall the term of imprisonment imposed under this section run concurrently with any other term of imprisonment imposed for the commission of such offense.

CROSS-REFERENCES

...section § 261
...bery in the second degree § 831

COMMENTARY ON § 832

For a discussion of the present Delaware law of robbery, see Commentary on § 831.

Section 832 defines an aggravated robbery involving serious injury or weapons. The State must prove that the defendant has committed the crime of robbery in the second degree as defined in § 831. It must further prove that in the course of committing that crime, or in immediate flight therefrom, he or another participant in the crime caused physical injury to another person not a participant in the crime. Such element clearly indicates that the robbery is without a ... regard for human life and safety and is thus worthy ... penalty punishment. Other aggravating factors which may ... in the alternative are being armed with a deadly ... or being armed with and using or threatening to use a dangerous instrument. The reason for distinguishing between the two types of weapons is simply that the latter type is also ... capable of lawful use, and thus its unlawful use must ... proved before it can be considered an aggravating factor.

Robbery in the first degree is a very serious crime, carrying ... B felony punishment, because it seems desirable to ... the use of dangerous and deadly weapons and the inflic... serious physical injury, even if simple robbery must

259

A-12

§ 832                    DELAWARE CRIMINAL CODE

occasionally happen. In addition, a more serious sentence, with a ten-year minimum, is required to be imposed on a second or subsequent conviction of first-degree robbery.

## Subpart D

## Theft and Related Offenses

### INTRODUCTION

Common-law larceny is an area of the criminal law full of the most incredible refinements, resulting from the fact that larceny of anything more than a shilling (perhaps the equivalent of a few dollars in today's money) was a capital offense. Popular revulsion from such a barbarous penalty for such a minor infraction led judges and juries to acquit whenever the strict letter of the common-law definition of larceny varied slightly from the facts of the case. Thus, for example, larceny took money intended for another person, and if one was a taking *from* the possession of another person before it reached him, no crime was committed on the grounds that the act was not larceny. This ... successful defense on the grounds that the act was not larceny. This led, in a greater or lesser time, to legislative action. Every piecemeal enactment of provisions against improper appropriation of someone else's property led to the former Delaware State of law. The mind boggles at the notion that the modern State of Delaware should have been content so long with a seventeenth and eighteenth century law to guide the control and punishment of everyday criminal events which pose an ever growing threat to social well-being in the form of increasing insurance rates, increasing law enforcement expense, and an increasing sense of insecurity. For the point about larceny is that it is made part of the branch of crime that, by and large, really does represent part of the branch of crime that, by and large, really does represent. It is a business, practiced with skill and ingenuity. It is made more profitable by the law's uncertainty, and by the chance that conviction may be avoided by a technicality or a jury's confusion.

Most proposals for penal law reform in the area have been radical. It has been thought useless to try to amend the crazy

260

A-13

SPECIFIC OFFENSES                    § 840

quilt of existing legislation. One of the best solutions is that of Wisconsin, which tries to do in one section what the common law failed to do in three hundred years.[1] The ensuing sections, in their original form, were drafted with the concept of a unified theft offense in mind. The idea is that all takings of property, whatever they might have been called at common law, are to be treated as part of a single offense, called theft. All of the modern criminal statutes are patterned on the same concept, originally proposed in the Model Penal Code.

In the course of legislative enactment of this Code, several modifications were made in the aforementioned structure, the most evident of which is the enactment of a separate section covering shoplifting. However, it should be noted that the general theft statute also covers shoplifting, and it is likely that as prosecutors become familiar with the simplicity of procedure under the theft section, and as it is required that shoplifting is no different from any other type of theft, prosecutions for shoplifting may be commenced under [it].

### § 840. Shoplifting.

(a) A person is guilty of shoplifting if, while in a mercantile establishment in which goods, wares or merchandise are offered for sale, he

(1) Removes any such goods, wares or merchandise from the immediate use of display or from any other place within the establishment, with intent to appropriate the same to the use of the person so taking, or to deprive the owner of the use, the value or possession thereof without paying to the owner the value thereof; or

(2) Obtains possession of any goods, wares or merchandise by charging the same to any person without the authority of such person or to a fictitious person with a ... intent; or

1 __ 8tat, § 943.20 (1903).

261



*Effective July 14,*
*68 Del. Laws c. 37.*

SPONSOR: Senator Sharp

DELAWARE STATE SENATE

136th GENERAL ASSEMBLY

SENATE BILL NO._____

AN ACT TO AMEND TITLE 11 OF THE DELAWARE CODE RELATING TO THE DEFINITION OF THE TERMS "DEADLY WEAPON" AND "FIREARM."

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

1   Section 1. Amend §222(5), Title 11, Delaware Code by striking the words

2   "any weapon from which a shot may be discharged," and inserting in lieu

3   thereof the following:

4   "a firearm, as defined in subsection (9) of this section, a bomb,".

5   Section 2. Amend §222(5), Title 11, Delaware Code by inserting after the

6   words "ice pick" which appear at the end of the first sentence of said

7   subsection, the following:

8   "or any dangerous instrument, as defined in subsection (4) of this section,

9   which is used, or attempted to be used, to cause death or serious physical

10  injury"

11  Section 3. Amend §222(9), Title 11, Delaware Code by inserting after the

12  words "operable or unoperable" as they appear in the first sentence of said

13  subsection, the following:

14  ", loaded or unloaded"

## SYNOPSIS

In the recent past, a number of brutal murders and assaults have been committed with common objects such as bowling balls, baseball bats, ratchet bars from tire jacks, and cast-iron kitchen sinks. In each of these cases, an innocent victim died after the object was used as a weapon to crush his or her skull, or suffered serious physical injury. Because of a loophole in our current law, the defendant could not be convicted with Possession of a Deadly Weapon During the Commission of a Felony - an offense that carries a penalty of up to twenty years in jail. This bill simplifies the definitions of the term "deadly weapon" by including within it any object that is actually used by a criminal to seriously injure or murder a victim. This bill also codifies recent Delaware Supreme Court decisions that hold that a gun need not be loaded to be a deadly weapon, thereby making this rule of law more accessible to the public.

Author: Sen. Sharp

1 of 1

Pancoast - Direct                                    C- 129

of the men who were in your home that night?

A    Yes, I do.

Q    Could you point them out and describe them, please
so the court reporter's notes will reflect who you have iden
tified?

A    The gentleman over to my right in the brown suit
is the guy who had the bat.  The gentleman over to my left
is the one who had the gun.

Q    You are referring to this man right here as the one
who had the gun?

A    Yes.

Q    The one at the far end of the table is the one who
had the bat?

A    Right.

Q    Your Honor, for the record the witness has identi-
fied both defendants Joseph Walls as the one with the bat and
Efrain Hernandez as the one with the gun.

When the first man, Joseph Walls, the man with the
bat, first came in through the doorway, where did he grab you

A    He grabbed my arm.

Q    What part of your arm?

A    Right here.

Q    Your upper arm?

A-15

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                       ( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                    DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.         AKA:
Defense Atty: JEROME M CAPONE , Esq.


Co-Defendants:  EFRAIN HERNANDEZ

Assigned Judge:

Charges:
Count    DUC#         Crim.Action#    Description     Dispo.   Dispo. Date
--------------------------------------------------------------------------
 001    86013001DI    IN86031204R1    BURGLARY 1ST      TG      10/15/1986
 002    86013001DI    IN86031205R1    ROBBERY 1ST       TG      10/15/1986
 003    86013001DI    IN86031206R1    ROBBERY 1ST       TG      10/15/1986
 004    86013001DI    IN86031207      KIDNAP 2ND        TG      10/15/1986
 005    86013001DI    IN86031208R1    ASSAULT 2ND       TG      10/15/1986
 006    86013001DI    IN86031209      KIDNAP 2ND        TG      10/15/1986
 007    86013001DI    IN86031210R1    ASSAULT 2ND       TG      10/15/1986
 008    86013001DI    IN86031211R1    PDWDCF            TG      10/15/1986
 009    86013001DI    IN86031212R1    TERROR THREAT     TG      10/15/1986
 010    86013001DI    IN86031213R1    CONSP 2ND         TG      10/15/1986

       Event
No.    Date           Event                          Judge
--------------------------------------------------------------------------
       02/24/1986
        WARRANT AND COMMITMENT
        18 00080000 100 INCARCERATED
       03/05/1986
        BAIL HEARING AND COMMITMENT
        74 00016000 100 INCARCERATED
       03/05/1986
        PRELIMINARY HEARING HELD
       03/05/1986
        CASE FILED
       03/19/1986
        CASE FILED
 1     03/19/1986
        TRUE BILL
 2     03/26/1986                                    BALICK BERNARD
        RULE 9 SUMMONS HEARING AND COMMITMENT
        77 00090000 100 INCL.ID#86001399
       03/26/1986
        ARRAIGNMENT-PASSED
       04/02/1986
        ARRAIGNMENT-PASSED
       04/07/1986
        CRIMINAL TRIAL CALENDAR - RESCHEDULED
```

A-16

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    0
                       ( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                    DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.              AKA:
Defense Atty: JEROME M CAPONE , Esq.


        Event
No.     Date          Event                              Judge
---------------------------------------------------------------------------
        04/08/1986
        CRIMINAL TRIAL CALENDAR - RESCHEDULED
        04/17/1986                                BIFFERATO VINCENT A. SR.
        ARRAIGNMENT RESCHEDULED
  3     04/23/1986
        ACKNOWLEDGMENT SIGNED BY COUNSEL
        PAUL S. SWIERZBINSKI,ESQ.
        04/23/1986
        ARRAIGNED,WAIVED READING,ENT PLEA N GLTY
  4     04/25/1986                                BIFFERATO VINCENT A. SR.
        ORDER TO COURT APPOINT COUNSEL
        PAUL S. SWIERZBINSKI,ESQ.
  5     04/28/1986
        DISCOVERY REQUEST
  6     06/05/1986                                O'HARA ROBERT C.
        ORDER TO COURT APPOINT COUNSEL
        LAURENCE I. LEVINSON,ESQ.
  7     06/09/1986
        SUBSTITUTION OF COUNSEL
        PAUL SWIERZBINSKI, ESQ.W/DRAWS
        AS COUNSEL & LAURENCE LEVINSON
        ESQ.ENTERS APPEARANCE AS COUNSEL.
  8     06/27/1986                                GEBELEIN RICHARD S.
        HEARING
        TO CONTD.TRIAL: CONTINUANCE WAS
        GRANTED ORALLY. NEW TRIAL SCHED.
        072186. (HANNIGAN,LEVINSON,ESQ.)
        06/30/1986
        CRIMINAL TRIAL CALENDAR - RESCHEDULED
  9     07/14/1986
        MOTION TO SEVER
 10     07/14/1986
        MOTION TO SUPPRESS
        07/21/1986
        CRIMINAL TRIAL CALENDAR - RESCHEDULED
        07/21/1986                                MARTIN JOSHUA WILLIAM III
        MOTION TO SEVER
        DISPOSED OF AT O/C
        07/21/1986                                MARTIN JOSHUA WILLIAM III
        MOTION TO SUPPRESS
        PASSED D.O.T.
 11     08/07/1986                                DISABATINO  ARTHUR F.
```

A-17

SUPERIOR COURT CRIMINAL DOCKET                    Page    3
( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                        DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.              AKA:
Defense Atty: JEROME M CAPONE , Esq.

| No. | Event<br>Date | Event | Judge |
|-----|------|-------|-------|
| | | TRANSCRIPT<br>OF PRELIMINARY HRG. | |
| | 10/01/1986 | | BABIARZ JOHN E. JR. |
| | | CRIMINAL TRIAL CALENDAR - TRIAL | |
| 12 | 10/06/1986 | | MARTIN JOSHUA WILLIAM III |
| | | JURY TRIAL<br>JURY FINDS.DEFT.WALLS GLTY.AS TO<br>ALL 10 CHARGES. JURY POLLED. BAIL<br>INCREASED TO $300,000 SEC.<br>D/LEVINSON S/BALICK CR/SHERR<br>CC/AUBERTIN J/G.WEISINGER,<br>G.PISKOWSKI,P.CUOMO,L.LYONS,<br>H.BRZOSKA,E.BEST,R.DONAHUE,<br>M.BRESKE,C.BERLEIN,C.SIEG ALT/<br>S.KUREK. | |
| 13 | 10/22/1986 | MOTION<br>FOR MISTRIAL  REFER TO JMARTIN | |
| 14 | 10/30/1986 | MOTION FOR NEW TRIAL<br>REFERRED TO JUDGE MARTIN | |
| 15 | 11/12/1986 | MOTION TO WITHDRAW AS COUNSEL | |
| | 11/24/1986 | PRESENTENCE INVESTIGATION ORDERED | |
| | 11/24/1986 | MOTION TO WITHDRAW AS COUNSEL<br>PASSED 1WK | BABIARZ JOHN E. JR. |
| 16 | 11/24/1986 | ORDER PURSUANT TO RULE 32(B)<br>1204 THRU 1213:  JURY FOUND DEFT.<br>GUILTY AS TO ALL CHARGES.  BAIL<br>WAS INCREASED TO $300,000.SEC. | GEBELEIN RICHARD S. |
| | 12/01/1986 | MOTION TO WITHDRAW AS COUNSEL<br>REFER TO JUDGE MARTIN. | BALICK BERNARD |
| 17 | 12/18/1986 | ORDER<br>(#015) MTNWAC,GRANTED | MARTIN JOSHUA WILLIAM III |
| | 12/19/1986 | DISCOVERY REQUEST | |
| 18 | 01/07/1937 | | |

A-18

```
                  SUPERIOR COURT CRIMINAL DOCKET               Page    4
                     ( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                      DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.           AKA:
Defense Atty: JEROME M CAPONE , Esq.


       Event
No.    Date            Event                          Judge
-----------------------------------------------------------------------------
       MOTION FOR JUDGMENT OF ACQUITAL
       REFERRED TO JUDGE MARTIN
19     01/19/1987
       TRANSCRIPT OF TRIAL
       EXCERPT OF TRL TESTIMONY  JMART
20     02/25/1987                             MARTIN JOSHUA WILLIAM III
       OFFICE CONFERENCE
       MTNJOA, THE COURT WILL NOT RULE
       ON MTNJOA UNTIL MR.GREGORY
       RECEIVES A COPY OF THE TRANSCRIPT
       & FILES THE APPRORIATE MOTIONS
       DISCUSSED IN CHAMBERS.(GREGORY)
       04/03/1987
       DISCOVERY REQUEST
       05/15/1987
       DISCOVERY RESPONSE
21     07/22/1987
       TRANSCRIPT
       RESPONSE TO JURY NOTE
22     07/23/1987
       TRANSCRIPT
       SUMMATIONS & JURY CHARGE
       07/29/1987
       DISCOVERY RESPONSE
23     08/18/1987                             MARTIN JOSHUA WILLIAM III
       TRANSCRIPT OF TRIAL
       VOLUME-A
24     08/18/1987                             MARTIN JOSHUA WILLIAM III
       TRANSCRIPT OF TRIAL
       VOLUME-B
25     08/28/1987                             MARTIN JOSHUA WILLIAM III
       TRANSCRIPT OF TRIAL
       VOLUME-C
26     08/28/1987                             MARTIN JOSHUA WILLIAM III
       TRANSCRIPT OF TRIAL
       VOLUME-D
27     09/11/1987                             MARTIN JOSHUA WILLIAM III
       TRANSCRIPT OF TRIAL
       VOLUME-E
28     09/21/1987                             MARTIN JOSHUA WILLIAM III
       ORDER
       AS TO 1204 THRU 1213, IT IS ORD.
```

A-19

```
              SUPERIOR COURT CRIMINAL DOCKET           Page   5
                 ( as of  10/28/2003 )
```

State of Delaware v.  JOSEPH M WALLS                    DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.              AKA:
Defense Atty: JEROME M CAPONE , Esq.

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| | | PURSUANT TO SUPERIOR COURT CRIM. RULE 44(G), THAT THE DEFT.BE FURNISHED AT STATE EXPENSE A COPY OF THE TRANSCRIPT OF ALL PROCEED. TAKEN IN THE ABOVE MATTER, INCLUD THE SUPPRESSION HEARING. | |
| 29 | 10/08/1987 | LETTER TO JEROME M.CAPONE,ESQ. JUDGE MART WILL BE AWAITING RESPONSE TO THE PRO-SE MOTION FOR NEW TRIAL & MOTION FOR JUDGEMENT OF ACQUIT. | |
| 30 | 10/08/1987 | TRANSCRIPT OF TRIAL VOLUME-F | MARTIN JOSHUA WILLIAM III |
| 31 | 10/08/1987 | TRANSCRIPT OF TRIAL VOLUME-G | MARTIN JOSHUA WILLIAM III |
| 32 | 10/08/1987 | TRANSCRIPT SUMMATIONS & JURY CHARGE | |
| 33 | 10/08/1987 | TRANSCRIPT RESPONSE TO JURY NOTE | |
| 34 | 10/14/1987 | LETTER IN ANSWER TO LETTER TO J.STIFTEL DATED 9/24/87, COURT HAS NO RE-CORD FO ANY APPEAL INVOLVING DEFT | BALICK BERNARD |
| | 10/14/1987 | * FROM A JUSTICE OF THE PEACE CT. AS TO ANY APPEAL FROM A DENIAL BY A JUDGE IN THIS CT.OF A PETITION FOR HABEAS CORPUS, BRIEFING WOULD BE DONE IN SUPREME COURT. | TEXT ENTRY |
| 35 | 01/13/1988 | OFFICE CONFERENCE AUTHERIZING PAYMENT OF INVEST.& STATUS OF CASE.CT.ADMINISTRATORS HAS TO CONTACT THE 12 JURORS IN ORDER TO ASK THE JURORS QUESTIONS | MARTIN JOSHUA WILLIAM III |

A-20

SUPERIOR COURT CRIMINAL DOCKET                Page      6
( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                      DOB: 06/06/1953
State s Atty: STEVEN P WOOD , Esq.            AKA:
Defense Atty: JEROME M CAPONE , Esq.

| No. | Event Date | Event | Judge |
|-----|-----------|-------|-------|
| | | TO DETERMINE IF VERDICT WAS TAINTED DUE TO KNOWLEDGE OF DEFTS CRIMINAL HISTORY. QUESTIONING IS TO TAKE PLACE IN THE COURT ROOM W/JUDGE PRESIDING & COUNSEL PRESENT. DEFT'S.ATTY.WILL SUBMIT TO | |
| | 01/13/1988 | * | TEXT ENTRY |
| | | COURT QUESTIONS THAT WILL BE ASKED TO THE JURORS. | |
| 36 | 02/10/1988 | | MARTIN JOSHUA WILLIAM III |
| | | ORDER THERE BEING NO BASIS FOR POST CONVICTION RELIEF FOR JOSEPH M. WALLS, ALL OF.DEFT'S.MTNS.PERTINENT HERETO ARE DENIED & MR.WALLS SHOULD BE SCHD.FOR SENT.AS SOON AS POSSIBLE. | - - - |
| 37 | 03/08/1988 | | MARTIN JOSHUA WILLIAM III |
| | | SENTENCE AS TO 1211,PDWDCF: COSTS SUSP. BE IMP.15 YRS.MAND.BEGN.061587. AS TO 1205,ROB.1ST: COSTS SUSP. BE IMP.10 YRS.CONSECUTIVE TO IN86-03-1211. 1ST 3 YRS.MIN.MAND. AS TO 1206,ROB.1ST: COSTS SUSP. BE IMP.FOR 10 YRS.CONSECUTIVE TO IN86-03-1205. 1ST 3 YRS.MIN.MAND. AS TO 1207,KIDNAP.2ND: COSTS SUSP BE IMP.5 YRS.CONSECUTIVE TO IN86-03-1206. AS TO 1204,BURG.1ST COSTS SUSP. BE IMP.5 YRS.CONSECUTIVE TO IN86-03-1207. AS TO 1209, KIDNAP.2ND: COSTS SUSP. BE IMP. FOR 5 YRS.CONSECUTIVE TO IN86-03-1204. AS TO 1210,ASLT.2ND: COSTS SUSP. BE IMP.4 YRS.CONSECUTIVE TO IN86-03-1209. AS TO 1208,ASLT.2ND COSTS SUSP. BE IMP.FOR 4 YRS.CONSECUTIVE TO IN86-03-1210. AS TO 1213,CONSP.2ND: COSTS SUSP. BE IMP.3 YRS.CONSECUTIVE TO IN86-03- | |

A-21

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    7
                      ( as of  10/28/2003 )
```

State of Delaware v.  JOSEPH M WALLS                    DOB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.          AKA:
Defense Atty: JEROME M CAPONE , Esq.

```
       Event
No.    Date            Event                       Judge
------------------------------------------------------------------------
       1208. AS TO 1212,TERROR.THREAT.:
       COSTS SUSP. BE IMP.FOR 1 YR.CON-
       SECUTIVE TO IN86-03-1213. AS TO
       ALL CHGS.REST.NOT REQUIRED DUE TO
       LENGTH OF IMP. BE COMMIT.TO DCC
       FOR PURPOSE OF CARRYING OUT THIS
       SENT. D/CAPONE S/BUTLER
       CR/F.WHITE CC/WELDIN
38     03/22/1988                                MARTIN JOSHUA WILLIAM III
       ORDER OF JUDGMENT
39     03/29/1988
       NOTICE OF APPEAL
       105,1988
40     04/22/1988
       DEFENDANT'S LETTER
       TO JUDGE BALICK
41     04/28/1988                                BALICK BERNARD
       LETTER
       FROM DEFT.REQUESTING THAT THE
       COURT (A) EITHER VACATES SENT.
       IMPOSED BY JUSTICE OF THE PEACE
       ON JUNE 1,1987;(B) ISSUES A BRIEF
       SCHEDULE FOR THIS CASE, OR (C)
       CLARIFIES COURTS MARCH 31,1988
       LETTER: IS DENIED.
42     06/28/1988
       MANDATE DISMISSED
       APPEAL IS DISMISSED. (#105,1988)
43     11/03/1988
       TRANSCRIPT
       RESPONSE TO JURY NOTE
44     11/03/1988
       TRANSCRIPT
       SUMMATION & JURY CHARGE
45     11/03/1988
       TRANSCRIPT
       VOLUME A
46     11/03/1988
       TRANSCRIPT
       VOLUME B
47     11/03/1988
       TRANSCRIPT
```

A-22

```
              SUPERIOR COURT CRIMINAL DOCKET              Page      5
                    ( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                   DOB: 06/06/1953
State s Atty: STEVEN P WOOD , Esq.          AKA:
Defense Atty: JEROME M CAPONE , Esq.

       Event
No.    Date            Event                      Judge
---------------------------------------------------------------------------
       VOLUME C
48     11/03/1988
       TRANSCRIPT
       VOLEME D
49     11/03/1988
       TRANSCRIPT
       VOLUME E
50     11/03/1988
       TRANSCRIPT
       VOLUME F
51     11/03/1988
       TRANSCRIPT
       VOLUME G
52     12/01/1988
       RECORDS SENT TO SUPREME COURT
53     12/06/1988
       RECEIPT RECORDS ACKNOWLEDGED BY
       DEL.SUPREME COURT
54     06/27/1989
       MANDATE AFFIRMED
55     05/23/1990
       LETTER
       FROM DEFT.TO JEROME CAPONE,ESQ.
       ASKING THAT HE FORWARD ALL PAPERS
       SO THAT HE CAN PREPARE A MTN.FOR
       POST-CONVICTION RELIEF.
56     06/18/1990                               ROWE WILLIAM S. JR.
       COURT COSTS & FINE PAID IN FULL
       - J.P.COURT 10 (DATED 6/27/87)
       (REFER TO DOCKET #'S 40 & 41).
57     04/08/1992                               DEL PESCO SUSAN C.
       PETITION TO OBTAIN STATE RECORDS
       SIGNED BY JUDGE 041392.      LGC
58     05/29/1992                               TOLIVER CHARLES H. IV
       MOTION FOR POST-CONVICTION RELIEF
59     05/29/1992                               TOLIVER CHARLES H. IV
       MEMORANDUM OF LAW
       IN SUPPORT OF RULE 61         WJS
60     05/29/1992                               TOLIVER CHARLES H. IV
       MEMORANDUM OF LAW
       APPENDIX TO (# 059)           WJS
       07/12/1993
```

A-23

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    9.
                       ( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                    DCB: 06/06/1953
State's Atty: STEVEN P WOOD , Esq.          AKA:
Defense Atty: JEROME M CAPONE , Esq.


       Event
No.    Date            Event                       Judge
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
       REC.RET.FROM SUPREME COURT
61     08/27/1993                              GEBELEIN RICHARD S.
       LETTER
       INFORMING DEFT.THAT ANY FURTHER
       INQUIRIES ABOUT HIS POST-
       CONVICTION RELIEF MOTION SHOULD
       BE DIRECTED TO J.TOLIVER.    DCB
62     12/20/1993                              TOLIVER CHARLES H. IV
       ORDER
       MOTION FOR POSTCONVICTION RELIEF
       IS DENIED. (ENTERED 12/27/93) WJS
63     12/13/1994
       LETTER FROM DEFENDANT
                                 JLB
64     01/06/1995         --                              - - -
       LETTER
       TO DEFT FROM MARY WILSON-DAWSON,
       SECRETARY TO JUDGE TOLIVER IN
       REGARDS TO DECEMBER 27, 1993
       POSTCONVICTION RELIEF DECISION.
                              DSC
65     01/25/1995
       MOTION
       FOR REARGUMENT.           WJS
66     01/30/1995                              TOLIVER CHARLES H. IV
       ORDER
       MOTION FOR POSTCONVICTION RELIEF
       IS DENIED. (ENTERED 1/31/95)  WJS
69     02/15/1995
       LETTER FROM DEFENDANT
                              CM
67     02/27/1995
       NOTICE OF APPEAL
       #59, 1995               DF
68     02/27/1995
       LETTER
       (SUPREME COURT) TO PROTHONOTARY
       PURSUANT TO SUPREME COURT RULE 9
       (B)(II) THE RECORD MUST BE FILED
       IN THIS OFFICE NO LATER THAN
       032095                  DF
70     03/05/1995                              TOLIVER CHARLES H. IV
```

A-24

SUPERIOR COURT CRIMINAL DOCKET                Page   11
( as of  10/28/2003 )

State of Delaware v.  JOSEPH M WALLS                        DOB: 06/16/1959
State's Atty: STEVEN P WOOD , Esq.            APA:
Defense Atty: JEROME M CAPONE , Esq.

| No. | Event Date | Event | Judge |
|-----|-----------|-------|-------|
| | | LETTER TO DEFT.,YOUR REQUEST FOR REARGU- MENT IS DENIED. IT IS SO ORDERED. | |
| 71 | 03/20/1995 | RECORDS SENT TO SUPREME COURT | DF |
| 72 | 03/23/1995 | RECEIPT RECORDS ACKNOWLEDGED BY SUPREME COURT | DF |
| 73 | 01/23/1996 | MANDATE AFFIRMED #59, 1995 | DF |
| | 01/30/1996 | LETTER FROM DEFENDANT | SYB |
| 74 | 07/01/1996 | DEFENDANT'S LETTER FILED. | |
| 75 | 06/04/2002 | LETTER REQUESTING DEFENSE/STATE'S ATTORNEY TO WITHDRAW EXHIBITS. | |
| 76 | 06/05/2002 | LETTER FILED FROM PETER LETANG TO EDGAR JOHNSON. PLEASE ACCEPT THIS CORRESPONDENCE AS ACKNOWLEDGMENT THAT THE STATE HAS RECEIVED THE ATTACHED LISTED EXHIBITS AND AGREES TO THEIR DESTRUCTION. | |
| 77 | 06/20/2002 | ORDER PERMITTING DESTRUCTION OF EXHIBITS. EXHIBITS FOR CRIMINAL AND CIVIL CASES TRIED PRIOR TO 1/1/90 WILL BE DESTROYED UNLESS A WRITTEN REQUEST IS MADE TO REMOVE THE EXHIBITS PROMPTLY. 6/20/02 EVIDENCE DESTROYED | |
| 78 | 10/07/2003 | DEFENDANT'S LETTER FILED. TO: JUDGE TOLIVER RE: HUMAN RIGHTS FORUM | |
| 79 | 10/07/2003 | DEFENDANT'S LETTER FILED. TO: JUDGE GEBELEIN RE: HUMAN RIGHTS FORUM | |
| 80 | 10/23/2003 | MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE REFERRED TO JUDGE TOLIVER FOR JUDGE MARTIN. | |

*** END OF DOCKET LISTING AS OF  10/28/2003 ***
PRINTED BY: OSIAHAI

A-25

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSEPH M. WALLS,                    §
                                    §
        Defendant Below-            §          No. 290, 2004
        Appellant,                  §
                                    §          Court Below---Superior Court
        v.                          §          of the State of Delaware,
                                    §          in and for New Castle County
STATE OF DELAWARE,                  §          Cr. ID No. 86013001DI
                                    §
        Plaintiff Below-            §
        Appellee.                   §

Submitted: September 7, 2004
Decided: October 15, 2004

Before **HOLLAND**, **BERGER** and **JACOBS**, Justices

## O R D E R

This  *15ᵗʰ*  day of October 2004, the Court has considered the appellee's

motion to affirm pursuant to Supreme Court Rule 25(a) and finds it manifest on the

face of the appellant's opening brief that the appeal is without merit for the reasons

stated by the Superior Court in its decision dated June 24, 2004.

NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm

is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Carolyn Berger
Justice

A-28

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH M. WALLS, | § | |
| | § | No. 290, 2004 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 86013001DI |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  October 21, 2004
Decided:  October 25, 2004

Before **STEELE**, Chief Justice, **HOLLAND**, **BERGER**, **JACOBS** and
**RIDGELY**, Justices, constituting the Court *en Banc*.

O R D E R

This   *25ᵗʰ*   day of October, 2004, the Court having carefully

considered appellant's Motion for Reargument/Rehearing *en Banc* of the

Court's Order dated October 15, 2004, and it appearing that the same should

be denied;

NOW, THEREFORE, IT IS ORDERED that appellant's Motion for

Reargument/Rehearing *en Banc* be, and the same hereby is, DENIED.

BY THE COURT:

Carolyn Berger

Justice

A-29

SUPERIOR COURT
OF THE
STATE OF DELAWARE

CHARLES H. TOLIVER, IV
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0657

June 24, 2004

Joseph M. Walls, #107897
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

      Re:   State of Delaware v. Joseph M. Walls
           Rule 61 Postconviction Relief
           I.D. No.:     86013001DI
           Cr. A. No.:   IN86-03-1204 thru 1209, IN86-03-1211

Dear Mr. Walls:

      The Court received your Rule 61 Motion For Postconviction Relief on or about October 23, 2003. The State was ordered to respond and did so on March 9, 2004. You have since filed a reply brief and subsequent supplement to that reply. You raise two grounds in this motion. First, you contend that the conviction of Possession of a Deadly Weapon During the Commission of a Felony constituted a violation of **Due Process or Ex Post Facto** Clause of the Constitution because at the time of your conviction, a bat was not considered "a deadly weapon" pursuant to **11 Del. C. §222(5)**. It was not until July 14, 1992 that a bat was considered a deadly weapon under the Delaware Code. Second, you argue that the conviction of Robbery First Degree, which was based on the co-defendant's possession of a handgun during the crime violated **Due Process and 11 Del. C. §274**. The State has opposed your petition arguing that it is procedurally barred by Rule 61(i)(2)-(4). Furthermore, the State insists that you raised the same argument concerning the applicability of a Robbery First Degree conviction in a prior proceeding with similar charges and this Court held that your statutory interpretation was incorrect at that time.[1] It also contends that you are not entitled to any relief from these procedural bars by virtue of Rule 61(i)(5).

---

[1]  State v. Walls, 1993 WL 603347, at *1-2 (Del. Super. Ct.).

A-30

As stated in my opinion dated December 20, 1993 addressing your first postconviction motion, this Court must first "appl[y] the rules governing procedural requirements before giving consideration to the merits of the underlying claim for postconviction relief."[2] The procedural bars set forth in Rule 61(i)(1)-(4) may only be lifted if the defendant establishes a colorable claim that there has been a "miscarriage of justice" under Rule 61(i)(5). A colorable claim of "miscarriage of justice" occurs when there is a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction.[3] This exception to the procedural bars is very narrow and is only applicable in very limited circumstances.[4] The defendant bears the burden of proving that he has been deprived of a "substantial constitutional right."[5]

First, you are procedurally barred under 61(i)(1) because this motion is being filed "more than three years after the judgment of conviction [became] final,"[6] which was June 27, 1989. Second, this is your second postconviction motion since the judgment became final. On December 20, 1993, this Court denied all grounds raised in that motion.[7] Under 61(i)(4), "any ground for relief that was formerly adjudicated, whether in the proceeding leading to the judgment of conviction, in an appeal, [or] in a postconviction proceeding . . . , is thereafter barred, unless reconsideration of the claim is warranted in the interests of justice."[8] This Court has already ruled, in its previous opinion, that the manner in which you used a baseball bat during the commission of the crime constituted a deadly weapon.[9] Although you have taken great pains to cite relevant case law and statutory history, this Court is not persuaded to change its prior decision. The rule of when a baseball bat constitutes a deadly weapon is more specific than you have interpreted. The Supreme Court of Delaware has held that it is the use of the bat which qualifies it as a deadly weapon and "when a baseball bat is used as a bludgeon . . . , a baseball

---

[2] State v. Walls, 1993 WL 544019, at *1 (Del. Super. Ct.) quoting Younger v. State, 580 A.2d 552, 554 (Del. 1990).

[3] Super. Ct. Crim. R. 61(i)(5).

[4] Younger v. State, 580 A.2d 552, 555 (Del. 1990).

[5] Id.

[6] Super. Ct. Crim. R. 61(i)(1).

[7] Supra note 2.

[8] Super. Ct. Crim. R. 61(i)(4).

[9] Supra note 2, at *4.



bat becomes a deadly weapon."[10]  A review of the record reveals that you used a metal baseball bat as a bludgeon and struck the victim, Mr. Pancoast, on the head. This Court is bound to follow the Supreme Court of Delaware and its legislative interpretation of what constituted a "deadly weapon" prior to the 1992 amendment of 11 Del. C. §222(5).  Since that Court has determined that its interpretation was correct prior to 1992, notwithstanding the amendment, and has continued to follow such case law, nothing more is required.  Stated differently, since this second postconviction raises the same issue that was previously denied in the prior motion and appealed to the Supreme Court, you are barred from reasserting a duplicative claim per 61(i)(4).

You are also barred under 61(i)(2) from raising "any ground for relief that was not asserted in a prior postconviction proceeding, . . . unless consideration of the claim is warranted in the interests of justice."[11]  There has been ample opportunity for you to raise the argument that the Robbery First Degree conviction violated Due Process and 11 Del. C. §274.  Therefore, to the extent that you assert any new claims, they too are barred due to the procedural bar contained in Rule 61(i)(2). You have had ample time to inquire and raise these issues in prior motions and have failed to do so.  Given the circumstances of this case, the Court must conclude that the State is correct and that you are not entitled to the relief you seek. The interests of justice do not warrant lifting such bars.

Similarly, grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred, unless the movant demonstrates: (1) cause for the procedural default, and (2) prejudice from any violation of the movant's rights.[12]  As stated above, the second ground raised concerning the Robbery First Degree conviction should have been asserted prior to this motion. Contrary to your belief that this procedural bar should be lifted due to some procedural default or prejudice, this Court does not agree.  The case law you cite does not lend much support.[13]

---

[10]  See State v. Anderson, 1992 WL 353826 (Del. Supr.), at **2; See also Warren v. State, 1993 WL 132986, at **4 (Del. Supr.).

[11]  Super. Ct. Crim. R. 61(i)(2).

[12]  Super. Ct. Crim. R. 61(i)(3).

[13]  You attempted to raise this same issue in a different case and the Court deemed it to be without merit as well.  Supra note 1.

Lastly, you have failed to meet your burden that the procedural bars of Rule 61 should be lifted. I do not find that a "colorable claim" has been established to show a "miscarriage of justice." Nor do I find that "the interests of justice" requires further review of the claims asserted in the present motion. All you have done is rephrase and clarify the same arguments advanced in prior appeals and motion. Such tactics do not change the outcome. While the Court is impressed by your research on the relevant issues, your interpretation of those cases is incorrect. Therefore, your motion must be, and hereby is, **denied**.

  IT IS SO ORDERED.

          Sincerely yours,

          Charles H. Toliver, IV
          Judge

CHT, IV/cgb

oc: Prothonotary
cc: John W. Donahue, DAG
   Jerome M. Capone, Esquire

4 A-33

Page 1

616 A.2d 1214 (Table)
Unpublished Disposition

(Cite as: 616 A.2d 1214, 1992 WL 353826 (Del.Supr.))

(The decision of the Court is referenced in the Atlantic
Reporter in a 'Table of Decisions Without Published
Opinions.')

Supreme Court of Delaware.

STATE of Delaware, Plaintiff Below, Appellant,
v.
Lester ANDERSON, Joe Lewis Travis, Defendants
Below, Appellees.

No. 97,1992.

Submitted: Sept. 22, 1992.
**Decided: Oct. 7, 1992.**

Court Below: Superior Court of the State of Delaware
in and for New Castle County, Cr.A. Nos.
IN91-09-0957 and 0960.

Superior Court, New Castle County

REVERSED AND REMANDED.

Before VEASEY, Chief Justice, and HORSEY and
WALSH, Justices.

ORDER

WALSH, Justice.

**1 This 7th day of October, 1992, upon consideration
of the briefs of the parties it appears that:

(1) This is an appeal by the State pursuant to 10 *Del.C.*
§ 9902(a) from a ruling of the Superior Court which
dismissed one count of a multiple-count indictment on
the ground that, as a matter of law, a baseball bat is not
a deadly weapon. We disagree with the ruling of the
Superior Court and reverse.

(2) The defendants-appellees, Lester Anderson and Joe
Lewis Travis were indicted on charges of Murder First
Degree, Conspiracy First Degree and Possession of a

Deadly Weapon During the Commission of a Felony.
Specifically, Count II of the indictment alleged:

COUNT II. A FELONY
POSSESSION OF A DEADLY WEAPON
DURING THE COMMISSION OF A FELONY in
violation of Title 11, Section 1447 of the Delaware
Code of 1974, as amended.
LESTER ANDERSON AND JOE LEWIS TRAVIS,
on or about the 24th day of August, 1991, in the
County of New Castle, State of Delaware, did
knowingly possess a deadly weapon during the
commission of a felony by possessing a bat, a deadly
weapon, during the commission of Murder, as set
forth in Count I of this indictment, which is
incorporated herein by reference.

(3) On the morning of trial, prior to jury selection,
counsel for the defendants moved to dismiss the deadly
weapon count on the ground that, as a matter of law, a
bat (which the defendants acknowledge referred to a
baseball bat) could not be classified as a deadly
weapon. [FN1] After brief argument and examination
of the bat, the Trial Judge ruled that a baseball bat is
not included in the definition of deadly weapons under
11 *Del.C.* § 222(5) and is thus, in its unaltered
condition, not a deadly weapon. The Court further
noted, however, that a baseball bat could be considered
a dangerous instrument under 11 *Del.C.* § 222(4).
Accordingly, the Trial Judge dismissed the deadly
weapon charge. The remaining charges proceeded to
trial and the defendants were found guilty of Murder
First Degree and not guilty of Conspiracy Second
Degree.

(4) The State advances two distinct arguments in
support of its position that a baseball bat satisfies the
definitional standards of 11 *Del.C.* § 222(5). [FN2] It
first contends that a baseball bat is a bludgeon and thus
falls squarely with the definitional standard.
Alternatively, the State argues that a baseball bat is so
similar to the designated items in section 222(5) as to
be the functional equivalent of a deadly weapon. The
defendants counter that the Superior Court's ruling
reflects a proper application of decisional law.
Defendants also urge that adoption of the State's "use"
test would render mere - possession of similar
instrumentalities felonious, a result clearly at variance
with legislative intent.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

A-34