IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH M. WALLS, | ) |
| Petitioner, | ) |
| v. | ) Civ. A. No. 05-585-KAJ |
| THOMAS CARROLL, Warden, | ) |
| Respondent. | ) |

## MEMORANDUM ORDER

Petitioner Joseph M. Walls is currently incarcerated at the Delaware Correctional Center in Smyrna, Delaware. In August 1990, Walls filed his first petition for federal habeas relief ("1990 petition") in this Court,[1] challenging his 1988 convictions and sentences for first degree burglary, two counts of first degree assault, possession of a deadly weapon during the commission of a felony, second degree conspiracy, and terroristic threatening. (D.I. 1 in *Walls v. Redman*, 90-423-RRM.) He asserted four claims for relief: 1) the State failed to prove all the elements of conspiracy; 2) the State failed to prove beyond a reasonable doubt all the elements of the robbery; 3) the burglary count should be vacated because the State introduced evidence that the incident happened at night only in the rebuttal phase of the trial; and 4) the Delaware Supreme Court improperly affirmed his conspiracy and robbery convictions by

---

[1] The original habeas proceeding was assigned to the Honorable Roderick M. McKelvie. The instant habeas proceeding was assigned to the undersigned on August 17, 2005.

1

constructively amending the indictment such that it charged him for acting with "someone" rather than actually naming his co-defendant. (*See id.*)

In a Memorandum Opinion dated March 25, 1993, the Court denied the first three claims on the merits, and dismissed the fourth claim as unexhausted. (*See id.* at D.I. 19.)

Thereafter, on March 20, 2000, Walls filed a motion for leave to re-file his federal petition for a writ of habeas corpus ("2001 petition"). The 2001 petition asserted eight separate claims for federal habeas relief, all of which challenged his 1988 convictions and sentences. (*Id.* at D.I. 22.) Walls argued that the Court's dismissal of one of his original 1993 claims as unexhausted enabled him to re-file his petition after exhausting state remedies for that claim. (*See id.*)

In June 2001, the Court denied the 2001 petition after determining that it constituted a second or successive habeas petition under 28 U.S.C. § 2244(b)(1) and (b)(2), and, in the alternative, the Court denied the 2001 petition as time-barred under 28 U.S.C. § 244(d). (*Id.*)

Walls applied for a certificate of appealability in the Court of Appeals for the Third Circuit. In September 2002, the Third Circuit denied the request because his 2001 petition was time-barred under 28 U.S.C. § 2244(d). (*See id.* at D.I. 56.) Walls filed a petition for a writ of certiorari in the United States Supreme Court, which was denied in March 2003. (*See id.* at D.I. 57.)

Presently before the Court is Walls' new petition ("2005 petition") seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and § 2241. (D.I. 1; D.I. 2; D.I. 4.)

This petition, filed in August 2005, challenges his 1988 convictions and sentences. The 2005 petition essentially asserts the following claims for relief: 1) he is actually innocent because the post-trial amendment to Delaware's statutory definition of deadly weapon to include "baseball bat" should not have been retroactively applied to his case; and 2) the retroactive application of the newly expanded deadly weapon definition constitutes an *ex post facto* violation and a violation of his due process rights. (D.I. 1; D.I. 2; D.I. 4.)

Pursuant to § 2244(b)(3) (A) of the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), a petitioner must obtain permission from the appropriate court of appeals before filing a second or successive habeas petition in a federal district court. A habeas petition is classified as second or successive if a prior petition has been decided on the merits, and the prior and subsequent petitions challenge the same conviction. See *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003); *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); 28 U.S.C. § 2244(a). If a petitioner erroneously files a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Here, Walls' 1990 petition and his 2001 petition challenged the same 1988 convictions and sentences he presently challenges in his 2005 petition. The Court

denied the two previous petitions on the merits.[2] Consequently, Walls' 2005 petition is a second or successive petition under 28 U.S.C. § 2244(b).

The record reveals that Walls has not obtained leave from the Court of Appeals for the Third Circuit to file his 2005 petition. Pursuant to 28 U.S.C. § 2244(b), I will dismiss the petition.

THEREFORE, at Wilmington this 2nd day of November, 2005; IT IS ORDERED that:

1. Petitioner Joseph M. Walls' petition for habeas corpus relief asserted pursuant to 28 U.S.C. § 2254 and § 2241 is DISMISSED and the writ is DENIED. (D.I. 1; D.I. 2; D.I. 4.)

2. Walls has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

3. Pursuant to Rules 3(b) and 4, 28 U.S.C. foll. § 2254, the clerk shall forthwith serve a copy of the petition and this order upon: (1) the

---

[2] As previously explained, the Court alternatively denied Walls's motion to re-file as time-barred, which constitutes an adjudication on the merits for the purposes of 28 U.S.C. § 2244. See *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)(holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (Holding that "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Further, the Third Circuit also determined that the 2001 motion to re-file was time-barred.

above-named warden of the facility in which petitioner is housed; and (2) the Attorney General for the State of Delaware.

                                                United States District Judge