UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

JOSEPH M. WALLS,
  Appellant,

V.

THOMAS CARROLL,
  Appellant.

NO. _____

Case below:
Walls v. Taylor
C.A. No. 05-585-KAJ
28 U.S.C. 2241, 2254

FILED
3:15 pm

RECEIVED
NOV 23 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

NOTICE OF APPEAL
and
MOTION TO STAY APPEAL

COMES NOW, Joseph M. Walls, who files notice of appeals from the order of the District Court for the District of Delaware, which dismissed Appellants' 28 U.S.C. 2241, 2254 petition, dated November 2, 2005 (copy attached).

Appellant further requests that the appeal be docketed and then stayed to permit the District Court time to rule upon the attached Motion for Relief from Order, which may render the appeal moot. [see Fed. App. R. 4(A)(B)].

Date: November 21, 2005.

Respectfully submitted,

Joseph M. Walls #107897

enc.

XC: Delaware Innocent Project
    Clerk, Delaware District Court
    Clerk, Third Circuit Court
    Delaware Attorney General

## CERTIFICATE OF APPELLANT

I, Joseph M. Walls, do hereby swear under the penalty of perjury, based upon my personal knowledge, that all statements contained herein are true and accurate, that this notice of appeal is filed in good faith and not to cause delay, and that copies of this notice were served upon the parties listed below, on this date, by placing them in the prison mailbag to be mailed by first class mail, prepaid under Fed. App. R. 4(c)

1. Clerk
   Court of Appeals
   Third Circuit
   601 Market Street
   Philadelphia, PA 19106

2. Attorney General
   State of Delaware
   820 N. French Street
   Wilmington, DE 19801

Sworn to and signed this 21st day of November, 2005.

/s/ Joseph M. Walls
Joseph M. Walls
DCC # 107897 Bldg. S-1
1181 Padlock Road
Smyrna, DE 19977

XC: Delaware Innocent Project
    Clerk, Delaware District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSEPH M. WALLS,
         Petitioner,

V.                                         Civil A. No. 05-585-KAJ

THOMAS CARROLL, Warden,
         Respondent.

## MOTION FOR RELIEF FROM ORDER

COMES NOW, Joseph M. Walls, who moves this Court pursuant to Civil R. 60(b)(1)(6) for relief from the Court's Order dated November 2, 2005, for the following reasons:

### A. 28 U.S.C. 2241

1. The Court's Order recognized that the Petition sought "federal habeas corpus relief pursuant to 28 U.S.C. ... 2241". Order, p. 2.

2. The Court's Order then went on to dismiss the Petition "Pursuant to [28 U.S.C.] 2244(b)." Order, pp. 3-4.

3. Relief is justified because the Court's Order relying upon 28 U.S.C. 2244(b) to dismiss the Petition brought under 28 U.S.C. 2241 is mistaken and violates this Circuit's precedent. Zayas v. INS, 311 F.3d 247, 255 (3rd Cir. 2002) (28 U.S.C. 2244 does not apply to 28 U.S.C. 2241).

### B. NEW INTERPRETATION

4. The Court's Order recognized that the Petition sought relief to correct the "retroactive application of the newly

1.

a fundamentally unjust incarceration); In re Dorsainvil, 119 F.3d 245, 248, 253 (3rd Cir. 1997)(prior petitions no bar, substantive change/clarification, factually or legally innocent, "may resort to... 28 U.S.C. 2241"); In re Nwanze, 242 F.3d 521, 525 (3rd Cir. 2001)(prior petitions no bar, substantive change exposes factual or legal innocence, may resort to 28 U.S.C. 2241).

For these reasons, the Court's Order should be vacated and the 28 U.S.C. 2241 should be granted, or a COA should issue.

Date: November 14, 2005.

Respectfully submitted,

*Joseph M. Walls*
Joseph M. Walls

ORDER

Having considered the Motion, the Order of November 2, 2005 is vacated and the Petition filed pursuant to 28 U.S.C. 2241 is hereby granted.

_____        _____
Date                  Judge

3.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSEPH M. WALLS, )
)
    Petitioner, )
)
v. ) Civ. A. No. 05-585-KAJ
)
THOMAS CARROLL, Warden, )
)
    Respondent. )

### MEMORANDUM ORDER

Petitioner Joseph M. Walls is currently incarcerated at the Delaware Correctional Center in Smyrna, Delaware. In August 1990, Walls filed his first petition for federal habeas relief ("1990 petition") in this Court,[1] challenging his 1988 convictions and sentences for first degree burglary, two counts of first degree assault, possession of a deadly weapon during the commission of a felony, second degree conspiracy, and terroristic threatening. (D.I. 1 in *Walls v. Redman*, 90-423-RRM.) He asserted four claims for relief: 1) the State failed to prove all the elements of conspiracy; 2) the State failed to prove beyond a reasonable doubt all the elements of the robbery; 3) the burglary count should be vacated because the State introduced evidence that the incident happened at night only in the rebuttal phase of the trial; and 4) the Delaware Supreme Court improperly affirmed his conspiracy and robbery convictions by

---

[1] The original habeas proceeding was assigned to the Honorable Roderick M. McKelvie. The instant habeas proceeding was assigned to the undersigned on August 17, 2005.

1

This petition, filed in August 2005, challenges his 1988 convictions and sentences. The 2005 petition essentially asserts the following claims for relief: 1) he is actually innocent because the post-trial amendment to Delaware's statutory definition of deadly weapon to include "baseball bat" should not have been retroactively applied to his case; and 2) the retroactive application of the newly expanded deadly weapon definition constitutes an *ex post facto* violation and a violation of his due process rights. (D.I. 1; D.I. 2; D.I. 4.)

Pursuant to § 2244(b)(3) (A) of the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), a petitioner must obtain permission from the appropriate court of appeals before filing a second or successive habeas petition in a federal district court. A habeas petition is classified as second or successive if a prior petition has been decided on the merits, and the prior and subsequent petitions challenge the same conviction. *See In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003); *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); 28 U.S.C. § 2244(a). If a petitioner erroneously files a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Here, Walls' 1990 petition and his 2001 petition challenged the same 1988 convictions and sentences he presently challenges in his 2005 petition. The Court

3

above-named warden of the facility in which petitioner is housed; and (2) the Attorney General for the State of Delaware.

_____
United States District Judge

I/M Joseph Walls
SBI# 107892  UNIT S
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

[Postmark: WILMINGTON DE 198, PM 22 NOV 2005]

Clerk
Delaware District Court
844 N. King St.
Wilm DE
19801