Hon. Kent A. Jordan
District Court
Federal Building
844 N. King Street
Wilmington, DE 19801

January 6, 2006

RE: Walls v. Carroll
No. 1:05-cv-585KAJ
— Rule 60 Motion
— status/amendment thereto

Dear Judge Jordan,

On November 14, 2005, I filed (by mail) a timely motion under Rule 60 for relief from the Court's order dated November 2, 2005 (which I received on November 5, 2005). Please inform me of the status of this motion so that I may inform the Court of Appeals.

In addition, it has come to my attention (on this date) that no COA was needed to file the current petition. The Court of Appeals recently held that a petition under 28 U.S.C. 2254, (filed after earlier unsuccessful petitions) that raises claims which "have not arisen" or "could not have been brought" in the petitioner's first petition(s), is not a "second or successive" petition for AEDPA purposes and does not require a COA. In Re Cabey, 429 F.3d 93, 97 (4th Cir. 2005) citing Benchoff v. Colleran, 404 F.3d 812, 817 (3rd Cir. 2005) and other Circuits [the 429 F.3d West's Federal Reporter was received by the prison law library on December 27, 2005].

This is relevant because this Court's November 2, 2005 order dismissed my current petition as a second or successive petition. Order, pp. 2-3. However, the deadly weapon statute was not expanded (by express amendment) to specifically include a "baseball bat" until 1992 (see Petition, Ex. A-14, Synopsis) which was after the 1990 (first) petition was filed and ~~before~~

[FILED JAN -9 2006 U.S. DISTRICT COURT DISTRICT OF DELAWARE]

1 of 2

the Supreme Court's <u>Buckley</u> (no procedural bar when actually innocent) opinion was not issued until <u>after</u> the earlier (1992 and 2001) petitions were filed.

Therefore, the deadly weapon definition based ex post facto and due process based actual innocence claims "could not have been brought in the ... first petitions." Id. Thus, under the unique circumstances of this case — that the 1990 petition not being a "first" petition, making dismissal of the 2001 and current petitions as "second or successive petition" in error — I believe that the current petition should transcend any AEDPA procedural bars. ~~Thus~~

I request that the Court rule upon the merits of the petition given the Appeal Court's <u>Cabey</u> and <u>Benchoff</u> decisions. Please take this into consideration as part of the Rule 60 motion.

Thank you.

Sincerely,
Joseph M. Walls
Joseph M. Walls
DCC #107897 Bldg. S-1
1181 Padlock Road
Smyrna, DE 19977

CC: Attorney General

Ms. Elizabeth A. Cormier
Supervising Staff Attorney
U.S. Court of Appeals
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

January 6, 2006

RE: Walls v. Carroll, et al.
    C.A. No. 05-5211
    - COA, Clerks letter Dec. 12, 2005

Dear Ms. Cormier,

Due to holiday closure of the prison law library and personal sickness (the flu) I was unable to respond earlier to your letter dated December 12, 2005.

You instructed me to file for a COA before the court within 21 days. I have done been able to do so because of the above, and because there is a Civil Rule 60 motion pending before the District Court (attached to notice of appeal) seeking relief from the Court's order which, I understand, stays this Court's jurisdiction to proceed with the appeal. Fed. App. R. 4(A)(B). The viability of this appeal depends upon the District Court's resolution of the Rule 60 motion. If this is correct, please let me know if a COA application is still needed.

Thank you.

Sincerely,

Joseph M. Walls
DCC #107897 Bldg. S-1
1181 Paddock Road
Smyrna, DE 19977

CC: Delaware Attorney General





I/M _____ 
SBI# _____ UNIT ___
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Judge Kent A. Jordan
U.S. District Court
Federal Building
844 N. King St.
Wilm, DE 19801